## OSCOR WINGFIELD v. STATE.

No. A-5350.    Opinion Filed March 13, 1926.
(244 Pac. 53.)

John P. Hickam, for plaintiff in error.

George F. Short, Atty Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Lincoln county for petit larceny, sentenced to confinement in the county jail for a period of 30 days, and to pay a fine of $50.

The record discloses that W. P. Goble had stolen from his premises some property, consisting of a five-gallon can of gasoline, some cans of lubricating oil, the cushions of a Ford car, and other property of the value of $18. Soon thereafter property answering this description was found in Payne county at the premises where defendant resided with his mother. Before making a search of the premises for the property, an officer of Lincoln county, without filing any affidavit or any showing of probable cause, procured from a justice of the peace a search warrant, went to the home of the mother of defendant, informed her that he had such search warrant, and she thereupon consented that a search might be made, which search resulted in finding the property.

Before entering upon the trial, the defendant filed a motion to suppress evidence of the property found so having been procured by an illegal search, which was overruled. At the trial he objected to the introduction of the evidence for the same reason.

The constitutional protection against unreasonable search and seizure may be invoked only by the person whose private rights have been or may be disturbed. If the owner of premises searched consents to a search, a stranger is not in a position to complain. But here the premises are the residence of the defendant as well as the residence of the mother. Further, when the

owner or occupant of premises is advised by an officer that he has a search warrant for the premises, such owner or occupant is not required to resist and challenge the sufficiency of the search warrant proceedings, but has a right to presume that the search warrant and the acts of the officer are legal, and his assent to a search under a warrant is not a waiver of his constitutional rights. Under the evidence of this case the search warrant was a nullity, the officer acting under it was without authority, and the evidence procured by it was procured by illegal search.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.