# W. B. JONES v. STATE.

No. A-5678.    Opinion Filed Feb. 16, 1927.
(253 Pac. 310.)

J. Hugh Nolen, J. V|. Crawford, and O. A. Shaw, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. Appellant, W. B. Jones, was convicted on a charge of unlawful possession of intoxicating liquor, and, in accordance with the verdict of the jury, was sentenced to confinement in the county jail for 30 days, and to pay a fine of $50. He prosecutes this appeal for a reversal of the judgment on the ground that the court erred in admitting evidence that was illegally obtained by an unlawful search of his home.

The evidence on the part of the state showed that appellant, with his wife and three children, occupied a box tent as his home on the east of Okemah, and that this was his only residence.

It appears that the complaining witness, W. L. Payne, verified an affidavit before a justice of the peace at Okemah for a search warrant, and the same was issued to him. He testified that, as chief of police, under authority of the search warrant, in company with Sheriff Parsons and Policeman Swan, he visited the defendant's premises, passed through the fence, slipped up to the tent, and looked through a crack; that he recognized Lindley, who had a fruit jar in his hand; then he opened the door and snatched the fruit jar from Mr. Lindley; then he picked up another fruit jar containing whisky.

On cross-examination he was asked:

"Q. What authority were you going on when you passed through the fence and got on his premises? A. Authority of a search warrant."

Sheriff Parsons testified that, when he stepped in, "appellant said, 'Help yourself,' that was all we could find."

Witness Payne, recalled, identified the affidavit made by him upon which the search warrant was based, also the search warrant and the return thereon made by him, as follows:

"Received this writ this 10th day of February, 1925, and served the same by seeing parties inside with whisky in their possession, and found some whisky in tent and by searching said premises herein described. Found a quantity of intoxicating liquor on this 10th day of February, 1925. W. L. Payne, Chief of Police."

The affidavit was made on information and belief against John Doe and Sally Doe, and the search warrant was so addressed.

Appellant took the stand, and testified that he was an employee of the O. K. Gin Company; that Ed Lindley came to his home about an hour before the officers, and brought some whisky with him, and had the fruit jar in his hand when the officers walked in; that he did not give the officers permission to search his home; that he had never before been arrested.

The record shows that the testimony of the witnesses for the state was admitted over the defendant's objections, and, at the close of the evidence, there was a motion by the defendant for a directed verdict in his favor on the ground that all the evidence offered in the case was obtained by means of an illegal search warrant.

The trial court ruled: "I think the search warrant issued in this case under that affidavit was absolutely void, and I so hold," but overruled the motion for a directed verdict.

The court instructed the jury in part as follows:

"You are instructed that the search warrant which was used by the officers in searching the premises of the defendant in this case is void and illegal."

The admitted acts of the officers show that they acted without authority of law, and that all the state's evidence was procured by an invasion of rights guaranteed by section 30 of the Bill of Rights, and that the same was admitted over the defendant's objection in violation of section 21 of the Bill of Rights.

These sections are guarantees of American liberty and justice, which come to us from the same source as did those equally, but not more greatly, prized, whereby we are guaranteed religious liberty, trial by jury, the right to peaceably assemble, free speech, liberty of the press, and other constitutional safeguards. If the security of the person and the home are not protected by the Constitution, if unreasonable searches and seizures are to be permitted, trial by jury may be denied. If officers may upon suspicion search the persons and the homes of the citizens of our state, the right of the people to peaceably assemble, to freely speak, write, and publish are in danger.

It was the boast of Lord Chatham that, though the wind and rain might enter the cottage of the English peasant, the king could not enter.

In Smith v. State, 34 Okla. Cr. 434, 246 P. 1109, we said:

"The right of the citizen to occupy and enjoy his home, however mean or humble, free from arbitrary

invasion and search, has for centuries been protected by every court in the English speaking world, from Magna Charta down to the present, and is embodied in every bill of rights defining the limits of governmental power in our own republic.

"The mere fact that a man is an officer, whether of high or low degree, gives him no more right than is possessed by the ordinary private citizen to enter and search the private premises of another for evidence of crime without a legal warrant procured for that purpose."

It is the well-settled doctrine in this state that a defendant does not waive his constitutional right by freely and voluntarily consenting to a search made under authority of a search warrant. Smith v. State, 34 Okla. Cr. 434, 246 P. 1109; Whitford v. State, 35 Okla. Cr. 187, 249 P. 430; Shockley v. State, 35 Okla. Cr. 437, 251 P. 514.

For the reasons stated, the judgment of the lower court is reversed, and cause remanded, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.