## L. O. EVANS v. STATE.

No. A-5715.   Opinion Filed April 9, 1927.
(254 Pac. 982.)

Lewis Hunter and J. A. Diffendaffer, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. Appellant, L. O. Evans, was convicted on a charge of unlawful possession of intoxicating liquor, and in accordance with the verdict of the jury was sentenced to confinement in the county jail for six months and to pay a fine of $500, and he appeals.

Of the errors assigned it is only necessary to consider the one, that the court erred in admitting evidence that was obtained by an unlawful search of his home.

The evidence on the part of the state showed that two deputy sheriffs and a federal prohibition enforcement officer invaded the home of the defendant, at 11 o'clock at night on the date alleged, and found about a half gallon of whisky. It was admitted that the officers did not have a search warrant.

The record shows that the testimony of the witnesses for the state was admitted over the defendant's objection. At the close of the state's evidence there was a motion by the defendant for a directed verdict, which was overruled.

Appellant took the stand and testified that he lives 8½ miles west of Lawton with his wife and children; that the officers came there about 11 o'clock at night, searched his place, and found part of a half gallon of whisky that he had bought the day before for the use of himself and family.

The admitted acts of the officers show that they .acted without authority of law, that all of the state's evidence was procured by an invasion of rights guaranteed by section 30 of the Bill of Rights, and that the same was admitted over the defendant's objections in violation of section 21 of the Bill of Rights.

This case in all its essential features is the same as the case of Jones v. State, 36 Okla. Cr. 180, 253 P. 310, which should be followed.

The judgment appealed from is reversed and the cause remanded, with direction to dismiss.