JOHN TURKNETT v. STATE.
No. A-5720.   Opinion Filed April 9, 1927.
(254 Pac. 985.)

H. T. Church, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court

of Tulsa county on a charge of having possession of intoxicating liquor, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

It appears from the record that defendant was operating a filling station and auto park near the town of Skiatook, and some 50 yards from the filling station and in the park was an 8-room residence house in which defendant and his family resided. An affidavit for search warrant was filed in the county court praying that a search warrant issue for:

"One filling station and auto park, known as Shady Grove Auto Park, located in N. W. corner of section 25, township 22 north, range 12 east, together with the curtilage thereof and appurtenances thereunto belonging. That said building is a private residence, and is used as a place of public resort and for the furnishing and storage of intoxicating liquor. * * *"

A search warrant was thereupon issued describing the property to be searched in the same words as the affidavit. Upon the authority of such search warrant the officers went to the filling station and searched it without finding any liquor, and also searched the park with a like result, and then went to the residence for the purpose of searching. As they entered, a married daughter of defendant, who was visiting there, broke two jugs at the rear of the house. The officers thereupon examined the place where the jugs were broken and found a small quantity of liquid in a fragment of the jug, which they tasted and smelled. There is some conflict between the officers as to whether or not the jugs contained whisky, one officer testifying that he was unable to tell whether the jug contained beer, syrup or what; that it tasted sweet. Another officer testified that it was corn whisky.

If the search were legal and the evidence so procured admissible, it is sufficient to sustain the verdict.

The only contention made that we consider has any merit is directed to the sufficiency of the description in the affidavit and warrant to authorize a search of the residence. Our statute requires that the place to be searched shall be particularly described. Section 7012, Comp. Stat. 1921.

Reasonably construed the affidavit and warrant authorized the search of only the filling station and auto park. There was no claim nor any evidence that the filling station was used as a residence, and the language purporting to give authority to search the "curtilage and appurtenances thereunto belonging" has no meaning as applied to a filling station and park as such, since the word "curtilage" means the yard or court for the protection and security of the mansion house or the inclosure belonging to a dwelling house, and probably including the buildings occupied in connection with a dwelling house. 17 C. J. 437; Black's Law Dictionary; Commonwealth v. Barney, 10 Cush. (Mass.) 480; Commonwealth v. Intoxicating Liquors, 140 Mass. 287, 3 N. E. 4; State v. Shaw, 31 Me. 523.

The words "said building" in the phrase, "that said building is a private residence and it is used as a place of public resort, * * *" as used in the affidavit and search warrant, has for its antecedent the words "filling station." Neither the affidavit nor the warrant contain any authority for the search of the private residence house where the material evidence introduced was obtained. Authority to search a filling station does not carry with it authority to search a residence some 50 yards distant. Nor does authority to search an auto park carry with it authority to search a residence occupied as such within such park.

In Cornelius on Search and Seizure (1926) c. 6, the matter of the sufficiency of the description is treat-

ed somewhat exhaustively, and many illustrations of insufficiency of description are presented and authorities cited which fully sustain the contention of defendant that the search of his residence was illegal.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.