## JIM RUSSELL v. STATE.

No. A-5848.   Opinion Filed June 11, 1927.
(256 Pac. 758.)

Thos. Norman, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having the unlawful possession of whisky, and was sentenced to pay a fine of $100 and to serve 30 days in the county jail.

The record discloses that two officers went to the

premises of defendant. The residence and barn were in the same inclosure, about 50 feet apart. Defendant and his brother-in-law were in the barn, and were called out by the officers, one of whom went with them a short distance away, while the other officer made a search of the barn and found a quantity of whisky concealed under some ear corn. The officers had no search warrant, and testify that they searched on suspicion.

The search of a dwelling house or the immediate surroundings within the curtilage of a dwelling house without a search warrant is in violation of section 30, art. 2, of the state Constitution. Bare v. Commonwealth, 122 Va. 783, 94 S. E. 168; Temperani v. U. S. (C. C. A.) 299 F. 365. See, also, Turknett v. State, 36 Okla. Cr. 401, 254 P. 985.

The facts of this case do not bring it within the rule frequently announced by this court that a search for liquors or appliances for making whisky in woods, fields, pastures, and such places, not within the immediate vicinity of a dwelling house, is not an unlawful search within the meaning of the Constitution. Penney v. State, 35 Okla. Cr. 151, 249 P. 167; Merck v. State, 35 Okla. Cr. 160, 249 P. 163.

The evidence obtained by this search was incompetent, and, timely objection having been made, it should have been excluded.

For the reasons assigned, the case is reversed and remanded, with instructions to dismiss.

DOYLE, P. J., and DAVENPORT, J., concur.