## OLLIE HOOD v. STATE.

No. A-5854.   Aug. 12, 1927.
(258 Pac. 1064.)

Morgan, Osmond & Morgan, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   The appellant, Ollie Hood, and Earnest Hood were jointly tried for the offense of manufacturing intoxicating liquor.   The jury returned a verdict finding Earnest Hood not guilty, and finding appellant guilty, and fixed his punishment at a fine of $150 and confinement in the county jail for 45 days.   From the

judgment rendered in pursuance of the verdict, he appeals and makes numerous assignments of errors, only one of which it will be necessary to consider.

C. R. Flynn, a deputy sheriff, testified that with his brother he visited appellant's farm, three or four miles north of Cement; that they were armed with automatic pistols and a shotgun, and about midnight they left their car parked on the highway near appellant's farm and proceeded through the fields to an old house on the place, and about half a mile from the highway; that they watched the house for three or four hours, then appellant came, and they held their guns on him and told him to throw his hands up. They searched him and then searched the house; that appellant's son was sitting on a cot; that they found a still in operation and about five gallons of whisky; that they arrested both the Hoods, and leaving his brother to guard the still he brought the prisoners to Anadarko in appellant's car, which appellant volunteered to drive; that neither he nor his brother had a search warrant.

The record shows that when arraigned appellant made a motion to suppress the evidence on the ground that it had been obtained in violation of his constitutional rights, which motion was overruled. All of the evidence was admitted over appellant's objection. At the close of the evidence for the state there was a motion to strike and a motion for a directed verdict of acquittal, which motions were overruled.

This court is committed to the doctrine that, when properly invoked, the first clause of section 21 of the Bill of Rights protects every person from incrimination by the use of evidence obtained through search and seizure made in violation of his rights under section 30 of the Bill of Rights. The admitted acts of the officers show that they acted without authority of law, and that

all the state's evidence was procured through an unlawful search and seizure by such officers in violation of appellant's constitutional right to be "secure in their persons, houses, papers, and effects against unreasonable searches or seizures" (section 30, Bill of Rights), and that the same was admitted over appellant's objections in violation of his constitutional right that "no person shall be compelled to give evidence which will tend to incriminate him" (section 21, Bill of Rights). See Jones v. State, 36 Okla. Cr. 180, 253 P. 310.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.