T. A. WILSON et al. v. STATE.

No. A-6003. Opinion Filed Jan. 7, 1928.
(262 Pac. 501.)

W. R. Withington, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The appellants were jointly tried and convicted on an information charging that in Okla-

homa county, on the 15th day of April, 1925, they did have in their possession intoxicating liquor, "to wit, 20 gallons of beer, a substance containing more than one-half of one per cent. of alcohol, measured by volume, and capable of being used as a beverage," with the unlawful intent to sell the same. The jury fixed the punishment of each at imprisonment in the county jail for six months and a fine of $250. They prosecute this appeal for a reversal of the judgments rendered on the verdicts on the grounds that the court erred in admitting evidence that was illegally obtained by an unlawful search of their residence, and that the evidence was not sufficient to sustain the verdicts.

The testimony on the part of the state, which was all the testimony offered in the case, tends to show that on the date alleged three deputy sheriffs visited the residence of the defendants and found a keg of so-called "home-brew." When the case was called for trial the defendants filed a motion to suppress the evidence obtained at their residence under a purported search warrant for the following reasons: (1) That said search warrant was issued without affidavit; (2) that said search warrant was a John Doe, and no one is named in it as being responsible for its issuance; (3) that there is no such a place in existence as described in such search warrant—which motion was overruled and exception allowed.

The first witness for the state, H. O. Brown, deputy sheriff, on cross-examination testified as follows:

"Q. Where is that search warrant? A. I don't know.

"Q. Have you made a search for this search warrant? A. Yes, sir; and Hawkins, who issued it, said there was no application and that the search warrant was never returned, but he has a notation on the docket that he issued it."

Here the assistant county attorney stated:

"We contend in this case that we didn't need a search warrant."

The next witness, Crossley, deputy sheriff, testified that he went out to the defendants' place on May avenue, about two miles west of Classen Boulevard, in Oklahoma City; that they were sitting down to supper, and one of them came to the door, and he told them that they were officers, and that he had a search warrant and they wanted to look them over; that after he made the return on the search warrant he probably returned it to the court; then he was informed that Deputy Sheriff Brown made the application for the search warrant.

One or two of the officers testified that when they informed the defendants that they had a search warrant and were going to search the place, the defendant Beaty said, "All right, go ahead."

At the close of the evidence for the state the defendants moved to strike the evidence, which was overruled, and then moved for a directed verdict of acquittal in the form of a demurrer to the evidence, which was overruled.

A search warrant issued without an affidavit showing probable cause is a nullity, and evidence procured by a search under such warrant should, on timely objection, be excluded. Wingfield v. State, 33 Okla. Cr. 342, 244 P. 53. The admitted acts of the officers show that they acted without authority of law, and that all the state's evidence was procured by an invasion of rights guaranteed by section 30 of the Bill of Rights, and that the same was admitted over the defendants' objections, in violation of section 21 of the Bill of Rights.

The search and seizure was made under the authority of a purported search warrant, a copy of which was delivered to the defendants there present at the time. What these defendants might have said could not have

412

prevented the search. It is the well-settled doctrine in this state that a defendant does not waive his constitutional right by freely and voluntarily consenting to a search made under the authority of a search warrant. Smith v. State, 34 Okla. Cr. 434, 246 P. 1109; Hancock v. State, 35 Okla. Cr. 96, 248 P. 1115; Whitford v. State, 35 Okla. Cr. 187, 249 P. 430; Shockley v. State, 35 Okla. Cr. 437, 251 P. 514; Jones v. State, 36 Okla. Cr. 180, 253 P. 310. It follows from what has been said that the court erred in overruling the defendants' motion to suppress, and their motion for a directed verdict of acquittal should have been sustained.

Because all the evidence offered by the state was obtained illegally and in violation of the constitutional rights of these defendants, the judgments of the lower court are reversed and the causes remanded, with direction to dismiss.

EDWARDS and DAVENPORT, JJ., concur.