## WILLIAM MENEFEE v. STATE.

No. A-6253. Opinion Filed Jan. 14, 1928.
(262 Pac. 709.)

Mauntel & Spellman, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Woods county on a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $100 and to serve 60 days in the county jail.

The information charges that defendant had the possession of whisky with the unlawful intent to sell, barter, give away, and otherwise furnish. The record discloses that at the time charged a dance was given at John Whitney's dance hall in the south part of Woods county. On December 25, certain officers went to the place, and the manager gave them permission to search. They searched the hall and also searched the overcoats of the guests. The overcoat of defendant was hanging on the wall, in the pocket of which they found a pint bottle containing some whisky, a flash light, and a bunch of keys. Consent to search by the proprietor did not give permission to search the private belongings of the guests. Turknett v. State, 36 Okla. Cr. 401, 254 P. 985.

A pint of whisky is not sufficient to bring the posses-

sion within the statute making quantity prima facie evidence of intent to violate the prohibitory law (section 6999, Comp. St. 1921, as amended by chapter 123 of the Session Laws 1923-24). There is a total failure of proof by circumstances or otherwise of any intent of defendant to sell, barter, give away, or otherwise furnish the small quantity of liquor found in the overcoat pocket.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.