## J. H. LEWIS v. STATE.

No. A-6192.   Opinion Filed March 3, 1928.
(264 Pac. 840.)

J. C. Norman, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, J. H. Lewis, was convicted on a charge of unlawful possession of intoxicating liquor, and, in accordance with the verdict of the jury, was sentenced to confinement in the county jail for 60 days and to pay a fine of $150. He prosecutes this appeal for a reversal of the judgment on the ground that the court erred in admitting evidence illegally obtained by an unlawful search of his home.

The testimony of C. O. Hooper, sheriff, and Bill Stapp, deputy, shows that they visited the home of the defendant and without a search warrant forced an entrance into a smokehouse and there found several jars containing whisky.

The sheriff testified that when defendant objected, he told the defendant that he was going to look in there, and he pulled the staples out and opened the door and found the jars containing whisky in the smokehouse;

that he told the defendant that he was responsible, and if there was any damages, he would pay the same.

The record shows that the state's evidence was admitted over defendant's objections, and when the state rested there was a motion for a directed verdict in his favor on the ground that all the evidence offered in the case was obtained by means of an illegal search.

The rule is well settled in this state that, where defendant is charged with possession of intoxicating liquor with unlawful intent to sell the same, and the liquor or evidence of the defendant's possession thereof has been secured by a search of his home without a search warrant, neither the liquor so seized nor the evidence of the possession thereof so acquired is admissible against him. Jones v. State, 36 Okla. Cr. 180, 253 P. 310; Smith v. State, 34 Okla. Cr. 434, 246 P. 1109.

The mere fact that a man is an officer, whether of high or low degree, gives him no more right than is possessed by an ordinary private citizen to enter and search the private premises of another for evidence of crime without a legal warrant procured for that purpose.

It follows from what has been said that the evidence challenged in this case was taken by the officers by an unlawful search and seizure contrary to section 30, Bill of Rights. For this reason the jury should have been advised to return a verdict of acquittal.

The judgment of the lower court is reversed, and cause remanded, with direction to dismiss.