## OMER McDANIEL v. STATE.

No. A-6495. Opinion Filed Oct. 19, 1928.

(270 Pac. 1115.)

Roy White, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted on an information, charging that in McIntosh county, on or about the 27th day of April, 1926, he did then and there manufacture certain intoxicating liquor, to wit, 1½ gallons of whisky, and his punishment fixed at 60 days in jail and a fine of $100. Motion for new trial was filed and overruled, and exceptions saved. From this judgment and sentence, defendant brought his appeal to this court.

The evidence of A. R. Kirkpatrick, a deputy marshal, and Charley Haley, who was city marshal, is that on the 27th day of April, 1926, they were out in the neighborhood of defendant's home; they had no warrant for the arrest of the defendant, or to search his home or curtilage; that they went upon the premises of the defendant and came up near to his house; they claim to have smelled something like beer cooking; they went up to the cellar, which is near the home of the defendant, and searched it, and found the defendant there, and claim to have found a still and a gallon and one-half of whisky.

The defendant urges that all of the testimony against him was inadmissible for the reason that the officers entered upon his premises without any warrant to search, and had no legal authority to search the curtilage of his home, and they did search the same without authority, and were trespassers upon his premises at the time they claim to have found the whisky in defendant's possession.

The defendant interposed an objection to the introduction of the testimony of the witnesses A. R. Kirk-

patrick and Charley Haley, for the reason that it was all procured unlawfully and in violation of his rights as a citizen of the state of Oklahoma. At the close of the testimony of each of the witnesses, the defendant moved the court to strike the testimony, on the ground that the search and seizure was made without a legal search warrant, and that their testimony was incompetent, irrelevant, and immaterial, which motion of the defendant was overruled and defendant duly excepted. The state undertakes to justify the action of the officers on the ground that they claim when they went near the cellar of the defendant they smelled the beer cooking, and they went up and opened the door of the cellar and found the still. Section 30, art. 2. of the Bill of Rights, provides:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Section 7012, C. O. S. 1921, provides:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

Section 7013, C. O. S. 1921, provides:

"No warrant shall be issued to search a private residence, occupied as such, unless, it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

The law wisely provided how the home and curtilage of an individual may be entered upon by the officers for the purpose of making a search, and has particularly described what is necessary to be done by the officers before searching the home and curtilage of a citizen. This law must be strictly complied with in order that our laws may be properly enforced and the rights of our citizens upheld.

Those charged with the enforcement of the law must comply with the law before seeking to secure testimony against those they believe to be violating the law. It serves no good purpose for a sworn officer of the law to fail or neglect to comply with the law in making an effort to secure evidence against one whom he believes is violating the law. Unless our officers, whose duty it is to administer the law, obey and respect the law, we cannot hope for the faithful observance of the same by our citizens.

"The search of a dwelling house or the immediate surroundings within the curtilage of a dwelling house, without a search warrant, is in violation of section 30, art. 2, of the state Constitution." Russell v. State, 37 Okla. Cr. 71, 256 P. 758.

The evidence offered by the state was incompetent, and timely objection having been made, it should have been excluded.

For the reason assigned, the case is reversed and remanded, with directions to dismiss.

DOYLE, P. J., and EDWARDS, J., concur.