## GENE TAYLOR v. STATE.

No. A-6465. Opinion Filed July 2, 1929.
(279 Pac. 361.)

Criswell & Billingsley and Hill & Banta, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Seminole county on a charge of having the unlawful possession of intoxicating liquor and was sentenced to serve a term of 120 days in the county jail and to pay a fine of $500.

Several assignments of error are argued, but we think it is necessary to consider only one. It is argued that

the court erred in overruling defendant's motion to suppress evidence obtained by the search warrant. The record discloses the following: Before any evidence was offered, defendant moved to suppress evidence obtained by the search for the reason that no affidavit was filed before the justice of the peace for the issuance of such warrant. This was overruled. Defendant then made an offer of proof by the justice of the peace who issued the search warrant, stating that, if permitted, the justice would testify that the search warrant was signed by him in blank, and that the same was filled out in his absence, and that he did not know and had no information on whom said warrant was to be served, and further offered to prove that the affidavit produced was written subsequent to the execution of the search warrant. These offers of proof were objected to by the county attorney and the objections sustained. The county attorney objected to these offers of proof as follows:

"Objected to for the reason that the proceedings of the court below are presumed to be regular and for the further reason the search warrant and the affidavit upon which it is based cannot be attacked at this time but must be, if attacked at all, by a motion prior to the time of this action."

Section 30 of the Bill of Rights of the State Constitution forbids all unreasonable searches and seizures. Section 7012, Comp. St. 1921, provides:

"No search warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

See, also, sections 2878, 2879, 2880, Comp. St. 1921.

If this constitutional and statutory guaranty is to have any effect, evidence obtained by such violation must

be excluded. Cornelius on Search and Seizure, § 7; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 654, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Thompson v. State, 190 Ind. 363, 130 N. E. 412.

A search warrant issued without an affidavit showing probable cause is a nullity, and evidence procured by a search under such warrant should on timely objection be excluded. Wingfield v. State. 33 Okla. Cr. 342, 244 Pac. 53. Where evidence obtained by a search warrant is objected to by an accused for the reason that the search warrant was issued without an affidavit, evidence of such fact is not proper to go to the jury; but the accused is entitled to show this if he can as going to the admissibility of the evidence, and it is the duty of the court to exclude the jury and to hear the evidence for such purpose, and when it appears that the search warrant was issued without an affidavit the objection should be sustained and the evidence excluded. The ruling of the court was clearly erroneous.

The case is reversed.

DAVENPORT and CHAPPELL, JJ., concur.