EARNEST P. GRAVES v. STATE.

No. A-7044. Opinion Filed Dec. 14, 1929.
(283 Pac. 795.)

Bass & Hardy, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of having possession of a still and sentenced to pay a fine of $100 and be imprisoned in the county jail for 60 days, from which judgment and sentence the defendant has appealed to this court.

On the 17th day of April, 1928, the defendant appeared in open court and filed his motion to suppress the evidence, on the ground that the same was obtained without a search warrant, the officers searching the premises and inclosure of the defendant, in violation of the Constitution of the state of Oklahoma, and of law relating thereto, and for the further reason that the said officers had no authority to search the inclosure of his yard, occupied by the defendant, without a legal search warrant, and they had no legal authority to go into the house or curtilage of the defendant without a search warrant.   Testimony was taken upon the motion to suppress the evidence, which in substance is as follows:

Hale Dunn, being called as a witness, testified: He was a deputy sheriff; he went to the home of the defendant about 5 o'clock in the morning, went into the house, and woke the defendant up.

"I was accompanied by Victor Buthod and Oree Cissell; we did not have any flash light; neither myself, Buthod, nor Cissell had a search warrant; we found a still in the smokehouse; we were out that time of night for the reason that we had received information he had a still running; I went with the intention of searching his

place and I did search it; the smokehouse where we found the still was about ten steps from the dwelling; I could smell something when some distance away from the dwelling that smelled like mash."

It is conceded by all the testimony of the state that all the authority they had to go upon the curtilage of the defendant was that the officer claimed he had received information that the defendant had a still running; that when they came to defendant's place there were no lights on, and that the defendant was in his home, and Hale Dunn, one of the officers, went in and woke him up.

There is no testimony tending to show the right of any officer to enter the home or curtilage of the defendant, and so far as the record discloses the testimony tends to show that when they were upon the curtilage of the defendant they were trespassers, having no search warrant to search the premises, and no warrant for the arrest of the defendant, and the only reason they had for going upon the premises and searching the same was that they had received information that the defendant had a still. The defendant contends the court erred in overruling his motion to suppress the testimony of the state on the ground that it was unlawfully secured.

There is no conflict in the testimony, and the only effort shown in the record to justify the actions of the officer was an odor they claimed they smelled when near the defendant's place. They did not see any one around the place, and no one going back and forth in and around the smokehouse, where they claim they located the still. We do not believe the testimony in this case, of the odor the officer claims he smelled, was sufficient to authorize the officers to go into the private residence of the defendant and wake him up, or go into defendant's yard or upon

the curtilage of defendant's home and begin an investigation.

In Russell v. State, 37 Okla. Cr. 71, 256 Pac. 758, this court in the syllabus said:

"The search of a barn within the curtilage of a dwelling house, by an officer without a search warrant, is an unreasonable search, and evidence so obtained, when timely objection is made, should be excluded."

In Turknett v. State, 36 Okla. Cr. 401, 254 Pac. 985, the second paragraph of the syllabus says:

"Curtilage, in law, means a small piece of land, not necessarily enclosed, around a dwelling house, and generally includes the buildings used for domestic purposes in the conduct of family affairs. The term has no application to any building not used as a dwelling."

In Wilson et al. v. State, 38 Okla. Cr. 409, 262 Pac. 501, the first paragraph of the syllabus is as follows:

"In a prosecution for unlawful possession of intoxicating liquor, where all the evidence on the part of the state was incompetent because of being obtained by the unlawful acts of officers of the court, the jury should have been advised to return a verdict of acquittal."

In Hays v. State, 38 Okla. Cr. 331, 261 Pac. 232, the first paragraph of the syllabus reads as follows:

"A reasonable and lawful search and seizure is provided for in the Constitution by means of a search warrant, supported by oath or affirmation, and all others are unreasonable and unlawful."

Section 7013, C. O. S. 1921, provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place

for storage, or unless such residence is a place of public resort."

In this case the officer admits he had received information that there might be a still at the home of the defendant, and he left the city of Ardmore with that information, and went to the place for the purpose of searching it; he had no search warrant, nor did either of the other officers that went wtih him; they went into the home and upon the curtilage of the defendant, and witness Hale Dunn says he went in and woke the defendant up, and the other parties stopped at the smokehouse. We think the officers were trespassing upon the house and curtilage of the defendant, and that any evidence secured by reason of said trespass is inadmissible against the defendant.

Section 30, art. 2, Bill of Rights, provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Section 7012, C. O. S. 1921, provides:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

See McDaniel v. State, 41 Okla. Cr. 203, 270 Pac. 1115.

The state undertakes to justify the action of the officers on the ground that they claim that, when near the home and curtilage of the defendant, they smelled something that smelled like mash and they then went and woke the defendant up, and in his smokehouse discovered the still. Under the provisions of our statute the law

wisely provided how the home and curtilage of an individual may be entered upon by the officers for the purpose of making a search, and has particularly described what is necessary to be done by the officers before searching the home and curtilage of a citizen. This law must be strictly complied with, in order that our laws may be properly enforced and the rights of our citizens upheld. Those charged with the enforcement of the law must comply with the law before seeking to secure the testimony against those whom he believes to be violating the law. It serves no good purpose for an officer of the law to fail or neglect to comply with the law in making an effort to secure evidence against one whom he believes is violating the law, and unless the officer, whose duty it is to administer the law, obey and respect the law, we cannot hope for faithful obedience of the same by our citizens.

The evidence offered by the state was incompetent, and, timely objection having been made by motion to suppress the same before the trial began, it should have been excluded. The motion to suppress the evidence was well taken, and it was error for the court to overrule the same.

There are other errors assigned, but we do not deem it necessary to discuss them. For the reasons stated, the case is reversed and remanded.

EDWARDS, P. J., concurs.

CHAPPELL, P., absent, not participating.