# B. M. BRUNER v. STATE.

No. A-7226.   Opinion Filed May 10, 1930.
(288 Pac. 369.)

G. A. Chappell, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted on a charge of having possession of and under his control fourteen gallons of intoxicating liquor, to wit, wine, containing more than one-half of one per cent. alcohol measured by volume, with the unlawful and felonious intent to sell, barter, give away,

or otherwise furnish, in violation of law, and was sentenced to pay a fine of $200 and be imprisoned in the county jail for a period of 30 days. From which judgment the defendant has appealed to this court.

When the case was called for trial, the defendant moved the court to suppress the evidence secured by the state witnesses, and objected to the introduction of any testimony of the witnesses Fred Long, Ivan Webb, and Claud Brantner, pertaining to the search of the residence or any buildings of the defendant, and articles therein seized, for the reason that the same was procured by virtue of an illegal search warrant, and that the affidavit upon which the search and seizure warrant was issued does not comply with the laws of the state of Oklahoma, in that it does not allege that such residence was used as a store, shop, hotel, boarding house, or place of storage, or place of public resort, as provided in section 7013, Comp. Stat. 1921. Fourth, that there is no proof on the part of the state that any part of his residence was actually used as a store, shop, hotel, boarding house, place of storage, or public resort. Fifth, that the said premises in the search and seizure warrant are simply described as a quarter section of land, and does not describe the residence or curtilage with particularity so as to comply with the 1921 Statute, sections 2881, 7009, 7012, and 7013.

This motion to suppress was by the court overruled, and the defendant saved an exception. If the motion of the defendant to suppress the testimony of the state witnesses named is well taken, the conviction of the defendant in this case should be reversed.

The third assignment of the defendant is the court erred in overruling the plaintiff in error's motion to suppress the evidence, which motion was interposed by the

plaintiff in error at the commencement of the trial. The defendant contends that the affidavit and search warrant in this case is not sufficient to authorize the officers to search his residence, or any of the buildings used in connection therewith, for the reason that the affidavit covers a quarter section of land, and the search warrant also describes a quarter section of land without mentioning any buildings, or any structures of any kind whatever, and he urges that the search warrant describing a quarter section of land as it does is too general, and that under and by virtue of the provisions of this warrant the search of the cellar, smokehouse, chicken house, and yard on the grounds and curtilage of the defendant was without authority of law. The testimony therefore is inadmissible. The description in the search warrant is as follows: "NE quarter of section 34, township 29, range 3 east, Kay county, Okla.; and the person of B. M. (Mike) Bruner." The warrant further commanded the sheriff to forthwith diligently search said premises and every part thereof.

Section 7013, C. O. S. 1921, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

Nowhere in the affidavit or in the search warrant in this case is it stated that any part of the defendant's residence is used as a store, shop, hotel, boarding house, or place for storage, or that such residence is a place of public resort, and there is no provision in the search warrant authorizing the officer to enter upon the grounds of the residence of the defendant, and to search the buildings and curtilage used in connection with the residence by the defendant. The description is general, describing noth-

ing but the quarter section of land, and the only authority the sheriff had to break the locks and enter any of the buildings of the defendant used in connection with his residence and on the curtilage of his home, as shown by the proof, is the general description in the warrant authorizing him to search the quarter section of land described in the warrant.

In Hall v. State, 34 Okla. Cr. 334, 246 Pac. 642, this court in the first paragraph of the syllabus said:

"An affidavit for search warrant for the search of an entire section of land is in violation of section 30, art. 2, of the state Constitution."

In this case the statement made in the affidavit was: "All buildings and outbuildings and appurtenances and land situated on section 13, township 12, range 7, in Canadian county, Okla." It was held by this court that the description in the affidavit was in violation of the provisions of the statute by failure to describe as particularly as may be the premises to be searched, simply describing section 13, township 12, range 7, which is too general under section 30, art. 2, of the Constitution, and section 7012, Compiled Statutes 1921. Kolander v. State, 33 Okla. Cr. 31, 241 Pac. 837.

In Turknett v. State, 36 Okla. Cr. 401, 254 Pac. 985, the affidavit described the property to be searched as one filling station and auto park known as Shady Grove Auto Park, located in the northwest corner of section 25, township 22 north, of range 12 east, together with the curtilage and appurtenances thereunto belonging; that such building is a private residence and used as a place of public resort, and for furnishing and storage of intoxicating liquor. In the body of the opinion this court said, reasonably construed, the affidavit and warrant authorized the search

of the filling station and auto park. There was no claim or any evidence that the filling station was used as a residence, and the language purporting to give authority to search the curtilage and appurtenances thereunto has no meaning as applied to a filling station and park as such, since the word "curtilage" means the yard or court for the protection and security of the mansion house or the inclosure belonging to a dwelling house, and probably including the buildings occupied in connection with a dwelling house.

In this case the testimony tends to show that the only place the officers searched or attempted to search was the residence and outbuildings connected therewith. Witness Long testified he went to the defendant's residence, knocked on the door, and failed to receive any response; that there was no one at home at the time; that he and other officers searched the cellar, barn, chicken house, and chicken yard; that they broke the locks and searched the cellar and some other buildings.

We think the motion of the defendant to suppress the evidence was well taken, for the reason that the search warrant must describe the place to be searched so that it can be ascertained from an examination of the warrant, with such particularity that no discretion of the place to be searched is left to the searching officer. The search warrant did not describe with such particularity as is required by law the buildings on the curtilage which was searched by the officers. Cook v. State, 40 Okla. Cr. 219, 267 Pac. 1045; Russell v. State, 37 Okla. Cr. 71, 256 Pac. 758; Wofford v. State, 40 Okla. Cr. 18, 266 Pac. 494; McDaniel v. State, 41 Okla. Cr. 203, 270 Pac. 1115.

We hold that the affidavit for the search warrant, and the search warrant describing the place to be searched as the northeast quarter of section 34, township 29, range

3, Kay county, Okla., and the person of B. M. (Mike) Bruner, is insufficient to particularly describe the place to be searched and is too general to authorize the searching of the buildings on the curtilage used in connection with his residence.

Other errors are assigned by the defendant, but, the view we take of this record, it is not necessary to consider them. The motion of the defendant to suppress the evidence was well taken, and the court erred in not sustaining the same. For the reasons stated herein, the judgment of the trial court is reversed.

EDWARDS, P. J., concurs.

CHAPPELL, J., dissents.