**REED, Estate of, In re.**

Probate Court, Clark County.

No. 31241. Decided November 12, 1952.

**OPINION**

By GRAM, J.

Florence B. Reed, a resident of the Village of Donnelsville, Clark County, Ohio, died testate on the 22nd day of December, 1951, leaving her husband and a daughter by a previous marriage surviving her. The will of said decedent was duly probated on December 29th, 1951, and the surviving spouse, Andrew Reed, was appointed Executor of said will on January 2nd, 1952. The Inventory in said estate discloses that the only estate possessed by decendant was real estate located in the

Village of Donnelsville, Clark County, Ohio, of the appraised value of $12,000.00. An exemption of $2,400.00 was set off to the surviving spouse. It also appears from the Schedule of Debts that at the time of her death, there were claims against her estate aggregating $5,602.94, which included a claim of the surviving spouse of $812.22 covering funeral and cemetery expenses paid by the surviving spouse and approved by the Probate Court.

After providing in Item First of her will for the payment of her just debts, funeral expenses, expenses of last sickness, costs and expenses of administration, Item Second of her will made the following provision:

"I give and devise all real estate located in the Village of Donnelsville, Clark County, Ohio, that I may own at the time of my decease to my beloved husband, Andrew Reed, for and during the period of his natural lifetime, and at his death, to my daughter, Delia C. Adams, the same to be hers absolutely and in fee simple."

Item Third of decedent's will is as follows:

"All the rest and residue of my estate at the time of my decease, of whatsoever kind or nature and wheresoever the same may be situated, I give, devise and bequeath to my said husband, Andrew Reed, and to my said daughter, Delia C. Adams, share and share alike, the same to be theirs absolutely."

By Item Fourth, in the event her daughter should not survive her, she gave, devised and bequeathed all property herein given, devised and bequeathed to her, to her granddaughter, Lynn Adams, the same to be hers absolutely.

On the 8th day of February, 1952, the surviving spouse and Executor, Andrew Reed, rejected the provisions of said will and elected to take under the statute of descent and distribution.

On February 13th, 1952, the said Andrew Reed, by his attorney, filed a petition to purchase, at the appraised value, the real estate involved in the estate. In said petition he alleged that he was the duly appointed, qualified and acting Executor of the Last Will and Testament of Florence B. Reed, and as such was a defendant; that he and defendant, Delia C. Adams, daughter of said decedent, were all the persons entitled to the next estate of inheritance from the decedent in said real estate under the will of said decedent and his election to take under the statute of descent and distribution; also that there was a mortgage in the approximate amount of $3,500.00 which was a lien upon the premises and payable to Jacob M. Harner, Trustee of Clarence M. Stewart.

Subsequently on April 21st, 1952, said Andrew Reed, by his attorney, filed an amended petition setting forth that Florence B. Reed died seized of certain specifically described real estate in the Village of Donnelsville, Ohio; that said parcel of land, together with the mansion house or dwelling thereon, constituted the home of decedent and himself as plaintiff at the time of decedent's death; that the real estate had been appraised under an order of the Court in the sum of $12,000.00 and said appraisement was approved by the Court within one month of the filing of the petition; that said real estate was not specifically devised; that plaintiff desired to acquire said property as provided by law; that as surviving spouse of decedent, prior to the filing of this amended petition, plaintiff had duly elected to take under the statute of descent and distribution and not under the terms of the will. Similar allegations were made as to his qualification as Executor of the Last Will and Testament of his wife and as a defendant in this action; also that he and Delia C. Adams, daughter of deceased, were all the persons entitled to the next estate of inheritance from the decedent in said real estate under the will of decedent and plaintiff's election to take under the statute of descent and distribution; followed by an allegation as to the mortgage referred to above.

Plaintiff repeats the prayer of his petition that he be permitted to purchase said real estate at the appraised value thereof in accordance with the statute made and provided, and that the Court authorize and direct that a Commissioner be appointed by the Court to execute a proper deed conveying to him such real estate on such terms and conditions as the Court may direct under the law.

On May 2nd, 1952, counsel for the daughter, Delia C. Adams, filed a demurrer to the amended petition alleging that the allegations contained in the amended petition do not state a cause of action.

Briefs were submitted to the Court on August 12th and August 26th, 1952, by counsel for decedent's daughter and for the surviving spouse and Executor, respectively.

In his brief supporting the demurrer counsel for decedent's daughter emphasizes the fact that at the time of the execution of the will on July 1, 1950, §10509-89 GC was in full force and effect, and within the knowledge of testatrix; also that Item II, noted above, specifically disposed of the real estate located in the Village of Donnelsville, Ohio, and owned by decedent at the time of her death; that Item III of the will disposed of the balance of her estate "of whatever kind or nature and wheresoever the same may be situated," clearly

evidencing her desire that any other real estate should be governed by said Item III. Counsel urges that by the usual rule of looking at the will of testatrix to determine her intention there can be no doubt that she specifically desired that the specific real estate located in the Village of Donnelsville, Ohio, should pass in the way set forth in said Item II and that she specifically devised same in a specific manner. He points out that to say that the legislators, in the enactment of the above mentioned statute, intended that real estate must be described by metes and bounds or by lot numbers to meet the requirement of the statute would be to read into the statute an intention completely at variance with the seemingly clear intention of the Legislature when the statute was adopted before testatrix drew her will. He also urges that when the Legislature used the word "specifically" in §10509-89 **GC** it meant "in a specific manner" and that means having a specific aim and object in view.

In summarizing his contention, counsel insists that the testatrix, with full knowledge of the statute, devised her completely identifiable real estate without any uncertainty in a certain manner to certain people, and the rest and residue of her estate in another way; that her surviving spouse elected to take under the law, rather than the will, thereby acquiring an undivided one-half interest in her real estate rather than a life estate in the whole and now seeks to avoid the limitation contained in §10509-89 GC by purchasing the remaining one-half of the real estate at the appraised value. He concludes with the plea that the demurrer be sustained.

Counsel for the surviving spouse and executor, in his brief, argues at great length as to the proper construction of §10509-89 **GC** where the right of the surviving spouse to take at the appraised value is qualified by the words: **"if not specifically devised or bequeathed."** He concedes that the surviving spouse elected to take under the law, with the result that he and the daughter each own an undivided half of the mansion house in fee simple, and that at the time of death decedent owned no real estate other than the home property. The burden of his argument is that the language contained in Item II of the will is not such definite, precise, explicit and particular language as it should be to meet the legislative intent of the phrase "if not specifically devised and bequeathed" appearing in the statute. He points out that the language: "all real estate located in the Village of Donnelsville" could obviously apply to one property or twenty properties and could apply to property which testatrix did not even contemplate acquiring at the time she executed her will.

Counsel cites, in support of his contentions, a number of

authorities covering analogous situations but concedes he could find no cases bearing directly on the questions in this particular case. He does call our attention to the case of **Passoni v. Breehl, 29 O. O. 220,** in which Judge Lamneck said:

"A specific devise of realty is a gift of a specific parcel of land so described in the will as to distinguish it from the other land or property. Under this definition a devise of all of a testator's realty is general and not specific."

and suggests that Judge Lamneck agrees with him on the meaning of "specific" and refuses to follow some extreme and artificial authority to the contrary appearing in Section 1400 of Vol. 4 of Page on Wills.

Counsel then suggests the question that in the event the Court should decide that the devise in Item II is "Specific," what is the effect of electing to take against the will upon the surviving spouse's rights?

Counsel then cites the following and other authorities in support of his contention that a testator is without power to make a will which will embarrass or diminish his spouse's right to take as though he had died intestate—the form of the devise becoming immaterial so far as the spouse is concerned;

4 Page on Wills, Section 1383; **Doyle v. Doyle, 50 Oh St 330; Geiger v. Bitzer, 80 Oh St 65; Barlow v. Winters National Bank & c., 145 Oh St 270.**

Counsel admits that none of the authorities cited pertain to the spouse's right to take at the appraised value but he contends that the principles enunciated in them, if carried through to a logical conclusion, would justify a holding that the purpose of §10504-55 GC is to protect a surviving spouse against an unfair will.

Counsel's brief also admits that the will of decedent operates on what is left after the spouse's intestate interest is carved out, but it is contended that the statutes allowing the surviving spouse to buy certain property from the estate at its appraised value (at no loss to the estate) and to take against the will are intended to restrict the testatrix from the depriving of the spouse of his rights by cleverness in drawing the will and that such rights are to be liberally construed in favor of the spouse, as the Ohio cases have held. Counsel concludes with the claim that the devise in Item II is not specific, and, even if it were, that it would not be effective as against an election to take under the law, and, therefore, the spouse has the right to take the premises under §10509-89 GC.

The Court has given the questions involved in this case long and very serious consideration. Like counsel, the Court has

been unable to find any cases bearing directly on the controversy, even after lengthy research. As we pointed out above, the only asset in Florence B. Reed's estate was the real estate comprising her home in Donnelsville, Clark County, Ohio, which was appraised at $12,000.00. The appraisers set off $2400.00 as the exemption of the surviving spouse and there were debts of decedent amounting to $5602.94. By virtue of his election to reject the will and take under the statute of descent and distribution said spouse became the owner of an undivided one-half interest in said real estate, subject to the payment of one-half of the debts and costs of administration, the remaining one-half interest in the real estate passing to the step-daughter in fee simple, subject to the same obligations as to payment of debts and costs of administration.

**Holdren v. Holdren, 78 Oh St 276.**

The all-important question in this case is whether the language contained in Item II of decedent's will constitutes such a specific devise of the real estate in question as would prevent the surviving spouse from purchasing the undivided half of the real estate remaining after his election to take under §10504-55 GC.

**Sec. 10509-89 GC** very clearly gives to the surviving spouse the right to purchase at the appraised value "the mansion house, including the parcel of land on which the same is situated" & c. "if not specifically devised or bequeathed."

The record in this case discloses that the only asset in Florence B. Reed's estate was the home and the land on which it was located in the Village of Donnelsville, Clark County, Ohio. In Item II of her will testatrix stated:

"I give and devise all real estate located in the Village of Donnelsville, Clark County, Ohio, that I may own at the time of my decease to my beloved husband, Andrew Reed, for and during the period of his natural lifetime, and at his death to my daughter, Delia C. Adams, the same to be hers absolutely, and in fee simple."

Having given due consideration to all of the arguments and authorities cited by counsel for the surviving spouse in resisting the demurrer, the Court is of the opinion and adjudges that the testatrix did specifically devise her home real estate to her husband for and during his lifetime, with a remainder in fee simple to her daughter.

In view of the Court's decision that there was a specific devise of this real estate and if the surviving spouse had elected to take under the will, he obviously could not purchase the real estate at the appraised value under §10509-89 GC,

because the whole property was specifically devised (the life use to the husband and the remainder to the daughter). Having elected to renounce the will and take under the statute does not, in the opinion of the court, alter the situation and give to the surviving spouse the right to purchase at the appraised value the remaining half of the real estate which was specifically devised to the daughter. The remainder still exists as a remainder, even though the life estate has been diverted from it by the spouse's election. There has been an accretion or acceleration to the remainderman to compensate her for the loss of the one-half which the husband took by his election. The law is well settled in Ohio that the rejection of a will by a surviving spouse does not thereby nullify and invalidate the plain intention of a testator as expressed in his will. The law of Ohio does protect the rights of such a person against unjust efforts to defeat those rights but does not go to the extent of increasing benefits to the spouse electing to take under the law which are not his by right.

It is the judgment of the Court that the demurrer in this case should be and it is sustained.