In re Estate of Witteman.

(No. 8934—Decided July 30, 1968.)

*Mr. Jack Lett,* for appellant, Herbert A. Witteman.
*Mr. William G. Corson,* for appellee, James D. Doddroe.

Duffey, P. J. This is an appeal from a judgment of the Common Pleas Court of Franklin County. The court held that appellant, Herbert A. Witteman, could not elect to purchase certain real property from the estate of his deceased spouse, Blanche M. Witteman. The case was before the court on an appeal pursuant to Section 2101.42, Revised Code, from an order of the Probate Court permitting the purchase.

The decedent, Blanche M. Witteman, died December 26, 1960. She was the owner of property used as a home for herself and her husband. The decedent did not own any other real property at her death and apparently had not

during her lifetime. The pertinent provision of her will states:

"Item 3. All of my real property, of every kind and description, wheresoever situated, I give, devise and bequeath to my husband, Herbert A. Witteman, during his natural life or so long as he remains my widower. After the death of my said husband, or in the event of his remarriage, I give, devise and bequeath said real property to my nephew, James D. Doddroe, absolutely and in fee simple. It is my will that my said husband shall pay all taxes and assessments, also indebtedness on said real property, and maintain the same in good condition."

Appellant, as surviving spouse, elected to purchase the property under the provisions of Section 2113.38, Revised Code. That statute permits a spouse to purchase property "not specifically devised or bequeathed." Appellee contends, and the Common Pleas Court found, that ITEM 3 of the will "specifically devised" the property within the meaning of Section 2113.38, Revised Code, and, accordingly, appellant could not purchase under that statute.

In our opinion, the Probate Court was correct in permitting appellant to purchase, and its order should have been affirmed.

In the syllabus of *In re Estate of Mellott* (1954), 162 Ohio St. 113, the Supreme Court held:

"2. A specific legacy is a bequest of some particular thing or portion of a testator's estate, which is so described by the will as to distinguish it from other articles of the same general nature in the estate.

"3. Legacies of a doubtful nature usually are construed as general or demonstrative."

On the general subject of specific and general legacy see *Passoni* v. *Breehl* (1944), 41 Ohio Law Abs. 315; *Collins, Exr.,* v. *Patton* (1952), 64 Ohio Law Abs. 518; *McArther, Jr., Exr.,* v. *McArther, Jr.* (1961), 93 Ohio Law Abs. 367; *In re Estate of Reed* (1952), 65 Ohio Law Abs. 129; *Reed* v. *Reed, Exr.* (1953), 65 Ohio Law Abs. 135; *In re Estate of Mellott* (1954), 162 Ohio St. 113.

The legal preference for deeming a questionable legacy to be general rather than specific is, of course, only a rule of interpretation and must give way if the intent of the testatrix to make a specific legacy can be determined from other provisions of the will. See *In re Estate of Kirkwood* (1966), 6 Ohio App. 2d 146. In examining the will as a whole, we see nothing which clearly indicates that ITEM 3 should be considered as a specific legacy. It might be noted that one of the strong reasons for construing a legacy as general is to avoid the possible injustice that may occur by an abatement. Devises of the nature found here have usually been held to be general. See 88 A. L. R. 553; 96 Corpus Juris Secundum 874, Wills, Section 1125 d; and 96 Corpus Juris Secundum 890, Wills, Section 1129 d.

Appellee has not strongly argued that the devise here is specific under testamentary law. However, he urges that the phrase "specifically devised or bequeathed" as used in the statute has a special meaning. It is contended that the statute was intended to be much narrower than the concept of a specific legacy used in abatement, ademption and other doctrines of the law of wills and estates.

Appellee and the Common Pleas Court suggest that the statute distinguishes between devises of real property and bequests of personal property. As stated by the court:

"We conclude that the real key to the interpretation of such language, ['not specifically devised'] insofar as a petition to elect to purchase real estate under Sec. 2113.38 R. C. be concerned, is found * * * in the language of the statute which provides for notice to and making parties defendant those 'persons to whom such real estate passes by inheritance or residuary devise.' * * *."

The court reviewed the legislative history of the provisions for notice and for the parties to the petition to purchase personal or real property. In particular, the court pointed out that, although the statute earlier required that all persons to whom real property "passes by inheritance" were to be notified and made parties, the General Assembly amended the statute to add those to whom it passes by "residuary devise." The court concluded that, based on the legislative history, Section 2113.38, Revised

Code, was intended to permit the surviving spouse to purchase real estate only if it passed by a "residuary devise."

The implicit premise of this interpretation is that the notice and party provision of the statute controls the scope of the authority granted to a surviving spouse. We do not attach the same degree of importance to that provision.

The basic drafting structure of Section 2113.38, Revised Code, starts with a statement of the authority of the spouse to purchase. The principal paragraph states:

"A surviving spouse * * * may purchase the following property, if left by the decedent and if not specifically devised or bequeathed:

"(A) The mansion house, including the parcel of land on which such house is situated and lots or farm land adjacent thereto and used in conjunction therewith as the home of the decedent, and the household goods contained therein, at the appraised value as fixed by the appraisers; "* * *

"(C) Any other real or personal property of the decedent not exceeding, with the mansion house and land used in conjunction therewith and such household goods as the spouse elects to purchase, one third of the gross appraised value of the estate, at the appraised value as fixed by the appraisers."

It will be noted that the word "specifically" modifies both "devised" and "bequeathed." Subparagraph (A) covers the mansion house and household goods. Subparagraph (C) covers both real and personal property. It is, therefore, clear that the phrase "not specifically" is a qualification on the authority to purchase both real estate and personal property.

Following subparagraph (C), the statute provides for an application to purchase personal property. It states that "No notice is required * * * [for] household goods contained in the mansion house or securities listed on an approved stock exchange." Other kinds of personal property require notice to heirs, beneficiaries, the fiduciary and others the court deems desirable.

As the Common Pleas Court emphasized, the next

paragraph prescribes the procedure in an election to purchase real estate. It requires that "the persons to whom such real estate passes by inheritance or residuary devise," mortgagees, lien holders and the fiduciary be notified, made parties and served.

While title concepts would strongly recommend that heirs and devisees be parties, the state may provide for the divestiture of their interest by sale to pay creditors or to effectuate a policy in favor of surviving spouses. Accordingly, we attach no especial significance, as related to the right to elect to purchase, to the fact that residuary devisees must be made parties, while a devisee of a nonresiduary but general devise would not be a statutorily required party. The authority to purchase is provided for in the first paragraph, and the procedure as to real estate is established in the third paragraph of the statute.

Further, in view of the fact that the key phrase "not specifically devised or bequeathed" applies to both real estate and to personal property, it is not tenable, in our opinion, to apply different meanings to the scope of the grant depending upon differences in the procedure provisions. We also note that the procedure on personal property does not refer to "residuary" legatees or beneficiaries.

The devise being general, appellant was entitled to elect to purchase the property.

The judgment of the Common Pleas Court will be reversed, and the cause will be remanded to the Probate Court for further proceedings.

*Judgment reversed.*

TROOP and DUFFY, JJ., concur.