3

IN RE ESTATE OF WITTEMAN: WITTEMAN, APPELLEE, *v.*
DUNKLE, ADMR., ET AL.; DODDROE, APPELLANT.

4

(No. 69-11—Decided December 31, 1969.)

6

*Mr. Jack Lett,* for appellee.

*Messrs. Caren, Lane, Huggard, Alton & Horst,* and *Mr. William G. Corson,* for appellant.

TAFT, C. J. The first question raised is whether a devise of "all * * * my real property" to named individuals represents a specific devise of that property to them within the meaning of Section 2113.38, Revised Code.

A specific devise may be defined as a devise of part or all of or an interest in some particular real estate described by the will so as to identify it from real estate generally. See *In re Estate of Mellott* (1954), 162 Ohio St. 113, 121 N. E. 2d 7, defining a specific legacy.

Also, it may be that a so-called demonstrative legacy will result in creating what amounts to a specific devise, as where a sum of money is bequeathed and the will makes it a charge against specifically identified real estate so that the legacy is equivalent to a devise of a part of the specifically identified real estate. See *Glass* v. *Dunn* (1867), 17 Ohio St. 413, 424.

Neither Item 3 nor any portion of the will in the instant case describes any particular real estate so as to identify it from real estate generally. The devise under this will is what is ordinarily referred to as a general devise. It is the converse of a specific devise. The fact that the testator owned only one parcel of real estate will not cause her devise of "all" her real property to be a specific devise.

However, the Common Pleas Court held, and appellant contends, that a reading of the statute as a whole discloses that the words "specifically devised" should be construed to include every kind of devise other than a "residuary devise."

In our opinion, it is not necessary to consider whether

this contention is sound because the devise of real estate in the instant case is substantially equivalent to a residuary devise.

A residuary devise is a devise of the residue of the testator's real property. The residue is that real property of the testator which remains after a part of his real property has been disposed of. If there is no devise of any real property by a testator except a devise of "all of my real property," as in this case, such devise is the substantial equivalent of and amounts to a residuary devise of the testator's real property.

It may be observed that ordinarily a residuary devise will be a general, as distinguished from a specific, devise of real property. But compare *In re Estate of Mellott, supra* (162 Ohio St. 113), holding that a residuary bequest may be specific in nature. Certainly, there is nothing in the devise in the instant case to indicate that it is specific in any respect.

Appellant contends further that the right of a surviving spouse to purchase real estate at its appraised value under Section 2113.38, Revised Code, is a personal right which terminates upon the death of the surviving spouse before execution and delivery of a deed to such spouse from the executor or administrator. In the instant case, the surviving spouse died before execution of such a deed to him.

In support of this contention, it is pointed out that the statute provides for execution and delivery of a deed "to the spouse," and does not mention his heirs, successors or assigns.

This was, in effect, the holding of a Probate Court in 1947. *Jewel* v. *Chiles,* 37 O. O. 33, 79 N. E. 2d 710. However, in 1949, the General Assembly added the following language to the statute:

"The death of the surviving spouse prior to the filing of the court's entry fixing the terms of payment for property elected to be purchased shall nullify the election with respect thereto. Such property, whether real or personal, shall thereafter be free of the right granted in this section."

In our opinion, the addition of this statutory language indicates a legislative intention that, where a valid judgment entry has been made in favor of the petition of a surviving spouse to purchase an interest in real estate pursuant to Section 2113.38, Revised Code, and fixing the terms of payment therefor, the subsequent death of that spouse will not nullify the right to purchase on those terms.

Appellant next contends that, prior to the death of the surviving spouse on August 9, 1968, there was no valid judgment entry fixing the terms of payment for the real estate that the surviving spouse had elected to purchase.

The judgment of the Probate Court, entered in 1966, did fix the terms of payment for the property which the surviving spouse had elected to purchase.

An appeal from that judgment on questions of law and fact was taken pursuant to Section 2101.42, Revised Code, to the Common Pleas Court. The record discloses that the only question presented on that appeal was whether the real property involved had been "specifically devised" within the meaning of those words as used in Section 2113.38, Revised Code. No question was raised in the Common Pleas Court with respect to the terms for payment fixed by the Probate Court. The 1967 judgment entry of the Common Pleas Court found that the real property involved had been "specifically devised" within the purview of the language of Section 2113.38, Revised Code, dismissed the petition of the surviving spouse to elect to purchase and remanded the cause to the Probate Court for further action consistent with its judgment.

An appeal on questions of law was taken to the Court of Appeals from that judgment of the Common Pleas Court. On July 30, 1968, shortly before the death of the surviving spouse, the Court of Appeals rendered an opinion (15 Ohio App. 2d 126, 239 N. E. 2d 107), concluding that "the judgment of the Common Pleas Court will be reversed, and the cause will be remanded to the Probate Court for further proceedings." However, the judgment of the Court of Appeals, providing for reversal and remand, was not entered until after the death of the surviving spouse.

It is apparent therefore that the question whether there was a valid judgment "entry fixing the terms of payment for property elected to be purchased" before the death of the surviving spouse, depends upon whether the Court of Appeals judgment after that death represents a determination as to the validity, from the time of its entry, of the Probate Court entry of 1966 which did fix those terms of payment.

The appeal from the Probate Court to the Common Pleas Court was authorized by the portion of Section 2101.42, Revised Code, which reads:

"* * * If a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions may be prepared * * * then an appeal on questions of law and fact may be taken to the Court of Common Pleas from any order, decision, or judgment of the Probate Court, by a person against whom it is made or whom it affects, in the manner provided for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals."

The manner so provided is specified in Chapter 2505 of the Revised Code.

Section 2505.06, Revised Code, provides that "no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions provided in Sections 2505.09 and 2505.14 * * *."

Section 2505.09, Revised Code, provides that "no appeal shall operate as a stay of execution * * * until a supersedeas bond is executed * * *."

Section 2505.14, Revised Code, provides that "the supersedeas bond * * * shall be * * * subject to a condition to the effect that the party appealing shall abide and perform the order and judgment of the appellate court * * *."

Section 2505.21, Revised Code, provides in part:

"An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts *de novo* which shall be upon the same or amended pleadings. The court shall review the final order, judgment or

decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken * * *.''

Section 2505.36, Revised Code, provides:

''When a case is appealed and the Court of Appeals hears such case on questions of law and fact and makes a final order or renders a final judgment, such order or judgment either may be enforced by the court's own process or may be sent to the court from which the appeal came, for enforcement there. If the case is sent to such court, the clerk of the Court of Appeals shall certify it to such court, whose clerk, on receipt of the certified transcript thereof, immediately shall enter it upon the journal. Thereupon, unless otherwise ordered by the court above for the purpose of execution or other process, it shall stand as the judgment of such lower court.''

Section 2505.37, Revised Code, provides:

''When a judgment or final order is reversed, in whole or part, in the Court of Common Pleas, Court of Appeals, or Supreme Court, the reviewing court shall render such judgment as the court below should have rendered, or remand the cause to that court for such judgment.''

Except by a reading of these statutes, it is not possible to determine what effect a law and fact appeal has upon the judgment appealed from.

Under our present statutes, it is apparent that, on a law and fact appeal, the judgment appealed from is only superseded *i. e.*, stayed—not vacated.

Although, where the appellate court (here the Common Pleas Court) disagrees with the judgment appealed from, it must render a judgment which replaces the judgment appealed from (see *Lincoln Properties* v. *Goldslager* [1969], 18 Ohio St. 2d 154, 248 N. E. 2d 57), it replaces that judgment only ''unless otherwise ordered by the court above'' (Section 2505.36, Revised Code), and the judgment of that appellate court may be reversed. If it is reversed, the reversing court may render the judgment that the

12

court below should have rendered or remand it to that court for such a judgment.  Section 2505.37, Revised Code.

In our opinion, where there is an appeal on questions of law and fact from a judgment and the appellate court renders a judgment different from that appealed from and its judgment is subsequently reversed for reasons which indicate that the original judgment was valid, that original judgment will be regarded as a valid judgment from the time of its entry.

It follows that there was a valid judgment entry fixing the terms of the purchase before the surviving spouse died.

For the foregoing reasons, the judgment of the Court of Appeals and that of the Probate Court are affirmed.

*Judgment affirmed.*

MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.