320 A.2d 597.

CLAIRE BERNIER DICRISTOFARO *vs.* ALFRED BEAUDRY *et al.*

JUNE 13, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

314

KELLEHER, J. This appeal marks the second time that Claire Bernier Cristofaro (DiCristofaro) has appeared before us seeking relief from an adverse action taken in the trial court.

The litigation had its inception in DiCristofaro's filing a complaint in Superior Court seeking partition of a parcel of real estate, located in the town of Coventry, in which she claimed an undivided one-half interest in fee. In addition, she asked that a mortgage on the property be declared null and void with respect to her interest therein. The defendants are Alfred Beaudry, his wife, Mary (the Beaudrys) and the Centreville Savings Bank (Bank). The Beaudrys claim title in fee to the land in controversy. The Bank is their mortgagee.

The facts are uncontroverted. In 1966, Cecile M. Bernier was the owner of the real estate involved in the litigation. She died on March 21 of that year and in the only dispositive clause[1] of her will, she mandated that:

> "All the rest, residue and remainder of my estate, real, personal and mixed, of which I shall be seized or possessed, or to which I shall be in any wise [sic] entitled at the time of my decease, including all estate, real and personal, over which I shall then have power of appointment, I devise, bequeath and appoint, absolutely and in fee simple, to my children, Richard A. Bernier and Ronald L. Bernier, in equal shares, *per stirpes* and not *per capita.*"

Her will was admitted to probate on April 11, 1966, and her son, Richard, thereafter qualified as the sole executor.

On May 25, 1966, plaintiff attached all of Richard's right, title and interest in the property in question. About nine

---

[1] The will contains three clauses. One directs the executor to pay all the testatrix's debts and liabilities, the second is the dispositive provision, and the third nominates an executor.

months later, on March 6, 1967, Richard, in his capacity as executor under his mother's will, petitioned the Coventry Probate Court, under G. L. 1956, §33-12-6, as amended by P. L. 1962, ch. 127, sec. 1, now G. L. 1956 (1969 Reenactment) §33-12-6,[2] "* * * for authority to Sell the interest of the deceased in the [subject] real estate * * * to raise the sum of $11,600.00 for the purpose of effecting a prompt and efficient settlement of the Estate." The petition was granted on April 10, 1967 and on the following day Richard, in consideration of $11,600, executed and delivered an executor's deed which purported to convey a fee interest in the realty to his brother, Ronald, and to Ronald's wife, Roberta, as joint tenants. They, in turn, on March 16, 1970 conveyed their entire interest in that property to the Beaudrys, who then mortgaged the property to the Bank.

About a year later, plaintiff, by then a judgment creditor of Richard's, caused the sheriff to levy an execution upon his "estate, right, title, interest and property" in the real estate. At a sheriff's sale held on July 16, 1971, the property was sold to DiCristofaro. She received and duly recorded a sheriff's deed which conveyed to her whatever estate, right and interest Richard had in the property at the time it was attached. Relying on that deed, DiCristofaro claims ownership in an undivided one-half interest in the property at the time it was attached.

After answering DiCristofaro's complaint, defendants

---

[2]General Laws 1956 (1969 Reenactment) §33-12-6 reads:

"Sale of real estate to effect prompt settlement of estate.—The executor or administrator may sell the real estate of a deceased person despite the sufficiency of the personal property to pay the debts, funeral expenses and the items above enumerated whenever in the discretion of the probate court such action seems desirable in effecting a prompt and efficient settlement of the estate; provided, however, that such authority shall not be given with reference to real estate specifically devised, unless the specific devisees consent in writing thereto."

made a motion for summary judgment pursuant to Super. R. Civ. P. 56. Such motion was granted by the trial justice. The plaintiff appealed from that order and we sustained her position in *DiCristofaro* v. *Beaudry,* 110 R. I. 324, 293 A.2d 301 (1972). We held that the granting of the motion was improper, in that §33-12-6 does not give unrestricted authority to sell the real estate of a testator. If the devise is specific, the statute requires the written consent of the specific devisees before a sale will be permitted. However, if the gift is general in nature, the written consent need not be obtained.

Evidentiary gaps in the affidavits in support of and in opposition to the motion prevented this court from determining whether, as a matter of law, defendants were entitled to judgment, *i.e.,* whether the devise was general or specific. Accordingly, we remanded the matter for the issue to be determined on evidence adduced at trial.

Thereafter, a hearing was held and the trial justice ruled the devise general in nature. DiCristofaro once again appeals to this court.

DiCristofaro argues that the language of the will clearly expresses the intent of the testatrix that her sons should receive all the real estate owned by her at the time of her death. She asserts that since the real estate was easily identifiable and ascertainable, it was described with sufficient particularity to render the devise specific.

We recognize at the outset the operation of certain established principles of the law of wills in Rhode Island. First, of course, is the rule that, unless constrained by law, the testatrix's intention governs. *Davison* v. *Deslauriers,* 109 R. I. 541, 288 A.2d 250 (1972); *Goldstein* v. *Goldstein,* 104 R. I. 284, 243 A.2d 914 (1968). Cecile M. Bernier was at liberty to make either a specific or a general devise, and hence, we must determine the issue in the light of her intention as best we can. Second, in *Haslam* v. *de Alvarez,*

70 R. I. 212, 38 A.2d 158 (1944), this court laid down guidelines for determining the character of legacies. There, we stated that:

> " 'A general legacy is one which does not necessitate delivering any particular thing or paying money out of any particular portion of the estate. [cite omitted] "A specific legacy," said this court in *Dean* v. *Rounds*, 18 R. I. 436, 'as the term imports, is a gift or bequest of some definite specific thing, something which is capable of being designated and identified.' "

Although here we are dealing with a devise as distinguished from a legacy, we believe that whether a devise of realty is specific or general is to be determined by the same principles that determine whether a bequest of personalty or a legacy is specific or general. 6 Bowe-Parker, *Page on Wills* §48.9 at 32 (1962). Third, there is in our law a presumption which favors, in cases of doubt, that a residuary legacy be deemed general rather than specific. *Rhode Island Hospital Trust Co.* v. *Votolato*, 102 R. I. 467, 231 A.2d 491 (1967). Also, a legacy should not be construed as specific, unless it be clearly so intended. *Haslam* v. *de Alvarez, supra.* The party who argues that a gift was specific must, therefore, carry the burden of proof. With these principles in mind, we examine the merits of the appeal before us.

Upon the record before us, we see no evidence which would rebut the presumption of generalness and cause this gift to be deemed specific in nature. DiCristofaro has not carried her burden.

The plaintiff's counsel maintains that since the testatrix owned at the time of her death the same, and only the same, property that she owned when she executed her will on June 25, 1962, she intended to devise only that particular property to her two sons. Hence, the property is readily identified so as to distinguish it from any real property in general. Counsel also emphasizes the use of

the pronoun "my" in the clause as further evidence of the deceased's intent. We do not find these arguments persuasive.

The language of the will is clear and unambiguous. The devise under the will is general. No portion of the clause describes any particular real estate. The testatrix used only words of generality when disposing of her assets. The operation of the clause was not limited to property owned by the deceased on June 25, for she mandated that all property "to which I shall be in any wise [sic] entitled at the time of my decease" was to be controlled by the clause. The use of the pronoun "my" in describing the property is not sufficient in and of itself to render specific that which is otherwise general. *See, Witteman* v. *Dunkle,* 21 Ohio St.2d 3, 254 N.E.2d 345 (1969). Also, the fact that the testatrix owned only the particular real estate in question will not cause the devise of "all" her real property to be a specific devise. *Id.* at 7, 254 N.E.2d at 349. It appears to us that the decedent was merely using the "standard form" of residuary clause in fashioning her estate plan.

Although it is possible to have a specific devise or bequest in the residuary article of a will, it is an unusual disposition of property, and can become effective only when the intention of the deceased is clearly to that effect. We see no such intention expressed here.

If we were to hold that the clause before us was a specific devise, it would appear that many similar clauses would also be deemed specific and a general residuary clause would no longer be a possible estate planning tool. What would result is a partial intestacy as to some of a testator's assets, in direct contravention to his intention to have passed by will all his remaining undisposed of property by the residuary clause.

DiCristofaro stresses that in *Haslam* v. *de Alvarez, supra,*

a gift of "* * * all real estate owned by me or in which I may have an interest" was held to be specific. Evidence established that the decedent owned an undivided one-half interest in particular real estate. Counsel for plaintiff argues that such construction is controlling here. The simple answer to this contention is that in *Haslam* the disposition of the decedent's real estate was set forth in a clause which was separate and apart from the general catchall residuary clause devising the remainder of her property, "real, personal and mixed," and thereby manifesting an intent to be specific in the prior clause.

Since we find the clause to be general, no written consent was necessary before the property could be sold.

The defendants attempt to raise the constitutionality of G. L. 1956 (1969 Reenactment) §10-5-2 which permitted the attachment or right to seize property of defendants without notice or by garnishment. This section of our General Laws was declared unconstitutional by virtue of *McClellan* v. *Commercial Credit Corp.*, 350 F.Supp. 1013 (D. R. I. 1972) citing *Fuentes* v. *Shevin*, 407 U. S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The argument is presented that since §10-5-2 was ruled unconstitutional, the decision is retroactive in application and vitiates the attachment process levied on Richard's interest in the real estate involved here.

We see no need to reflect upon such contention. The Legislature in enacting §33-12-6 has created in the devisee a fee simple subject to defeasance. Title to real property vests immediately upon a testator's death in the devisees. However, the title to such real estate is subject to defeasance, in that if an executor or administrator wishes to sell the property for the prompt and efficient settlement of the estate, he may do so with the probate court's permission. The sale defeases the title of the devisee. Even assuming that the attachment were valid, once the execu-

320

tor invoked the procedure of §33-12-6, Richard's title to the property was defeased, and hence the attachment would fall also. There was no longer any title, right, or interest in Richard upon which to levy the attachment.

DiCristofaro's appeal is denied and dismissed.

*Ralph Rotondo,* for plaintiff.

*Paul E. Brodeur,* for defendant Centreville Savings Bank.

*Robert R. Afflick,* for defendants Alfred Beaudry and Mary Beaudry.