[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Probate Court of the Town of North Smithfield. The plaintiff here seeks reversal of the Probate Court's September 13, 1990 decision ordering the plaintiff to convey title to a certain parcel of real estate to the defendant pursuant to a constructive trust. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1984 Reenactment) §33-23-1.
I. CASE TRAVEL/FACTS
In the year 1967, Newton Whipple (hereinafter referred to as the defendant), and his wife Sandra Whipple (hereinafter referred to as "Sandra") purchased a vacant parcel of land located on Black Plain Road in the Town of North Smithfield, Rhode Island. The deed for this parcel is recorded in the Land Evidence Records of the Town of North Smithfield in Book 75, page 1087. This parcel is directly adjacent to another parcel on which a house is constructed that the defendant also owned at that time, and still owns today.
In 1973, the defendant transferred ownership of the vacant lot to his brother, Edward Whipple. In exchange, said brother transferred a parcel of land he owned at that time to the defendant. This was done to avoid the possible merger of the defendant's two lots which would have occurred pursuant to a proposed change in the Town of North Smithfield's zoning ordinance.
Thereafter, in or around 1976, the defendant's brother, Edward Whipple, at the request of the defendant, transferred the vacant parcel of real estate that the defendant originally owned to Sandra's parents, Dana and Lucille Hart. This was done so that the Harts could obtain a mortgage to build a home for their retirement.[1] As a condition of the transfer of the land, the Harts promised the defendant that upon their death, the house and land would be conveyed back to the defendant subject to the defendant remitting two-thirds (2/3) the market value of the house alone to the Harts' other two daughters, Judith Langford (hereinafter referred to as "Judith" or "the plaintiff") and Donna Kane (hereinafter referred to as "Donna"). This agreement was never memorialized in a writing. However, after said transfer, both Dana and Lucille Hart acknowledged that the land "belonged to Newton and Sandra." Thereafter, a house was constructed on said land in which the Harts lived together until their deaths.
Dana Hart died first, in 1987. Thereafter, Lucille Hart executed a will which named Sandra as executrix of her estate, and devised ownership of the property in question to Sandra, subject to her obtaining an appraisal of the property within 60 days of Lucille Hart's death, and to her remitting 2/3 of the appraised value of the entire property (land and house) to the other two daughters, Judith and Donna, 90 days thereafter. The rest, residue, and remainder of the estate was to be divided equally among the three daughters. The will did not contain the oral agreement entered into by the defendant and the Harts at the time of the transfer of the land, in 1976.
Lucille Hart died in September of 1988. Thereafter, her will was presented to the Probate Court of the Town of North Smithfield, and Sandra was appointed executrix of the estate. In accordance with the will, Sandra obtained an appraisal of the property in question within 60 days of the death of Mrs. Hart. However, Sandra did not remit 2/3 the appraised value of the property to Judith and Donna, in violation of the terms of the will.
Prior to completing the administration of the Estate of Lucille Hart, Sandra also died. Thereafter, Judith was appointed executrix of said estate. Since the death of his wife and appointment of Judith as executrix of the estate of Lucille Hart, the defendant has repeatedly requested that Judith, in her capacity as executrix, convey the property to him per the terms of the 1976 agreement. However, Judith has thus far refused to do so. As a result of this refusal, the defendant filed an action in the Probate Court of the Town of North Smithfield seeking a decree ordering her to transfer said property to him pursuant to a constructive trust. The Probate Court subsequently granted the defendant said decree. From that Probate Court decision, this appeal followed.
II. Appellate Review of a Probate Court Decision
The Superior Court review of a Probate Court decision is governed by R.I.G.L. 1956 (1984 Reenactment) § 33-23-1 which provides in pertinent part as follows:
 Any person aggrieved by an order or decree of a court of probate may, unless provisions be made to the contrary, appeal therefrom to the superior court for the county in which such court is established. . . . ."
The Rhode Island Supreme Court has held that in reviewing a decree or order of a Probate Court, the Superior Court is not limited to the mere review of assigned errors of law of the probate judge, but rather is a court of retrial of the case, de novo. In Re Taylor's Estate, 337 A.2d 236 (1975). Hence, pursuant to this standard, a trial de novo was held before this Court on March 22, 1993.
During said trial, the plaintiff argued that the Probate Court should not have even heard arguments on the claim filed by the defendant against the estate in the first place because pursuant to R.I.G.L. 1956 (1984 Reenactment) § 33-11-5, said claim was filed too late. Additionally, the plaintiff argued that she does not recall her parents entering into an oral agreement to transfer title to the property in question to the defendant on their death, and that even if they did, such agreement is unenforceable pursuant to the statute of frauds. Conversely, the defendant argued the Harts did enter into said agreement and that because of the fact that Lucille Hart breached that agreement in her will, the court should order the plaintiff to convey title to said real estate to him pursuant to the theory of constructive trust. Additionally, the defendant argued that the statute of frauds should not bar said order because of the fact that it does not apply to constructive trusts in land.
Without reaching the merits of both parties' arguments, this Court finds that the proper parties were not brought before the Court, and as a result, the defendant was not entitled to the decree by the Probate Court ordering the plaintiff to convey title to the property in question to him.
III. Discussion
It is a well established principle of law that real property is not an asset of the estate of a decedent. DiCristofaro v.Beaudry, 320 A.2d 597 (R.I. 1974); see also 34 C.J.S. Executors and Administrators § 103 (1942). Rather, title to real property on the death of the testator vests immediately in the devisees.DiCristofaro, 320 A.2d at 597. As a result, the heirs and/or devisees are the only proper parties to sue with respect to a decedent's realty. 34 C.J.S. Executors and Administrators 741(a) (1942). In our case, the will of Lucille Hart devised the property in question to Sandra subject to her obtaining an appraisal of the property within 60 days of Mrs. Hart's death, and then to her remitting 2/3 of that value to her sisters, Judith and Donna, 90 days thereafter. Hence, presumably, title to the real estate in question vested immediately in Sandra upon the death of Lucille Hart, which would make Sandra (or her heirs and devisees, since she is dead) the proper parties to be sued with respect to ownership of the property. However, evidence adduced at trial revealed that Sandra did not fulfill one of the conditions of Lucille Hart's will, namely, she did not remit 2/3 of the appraised value of the property to her two sisters, Judith and Donna. The Rhode Island Supreme Court has held that when it is the testator's intention to make a gift wholly dependent upon the devisees compliance with an express condition, the devisee is obligated to so perform, and if he/she fails to do so the gift will fail. Knowles v. South County Hospital, 140 A.2d 499 (R.I. 1958). It is without question that it was the intention of Lucille Hart to make the outright gift to her oldest daughter Sandra dependent upon her remitting a fair share to Mrs. Hart's other two daughters. Hence, because of the fact that Sandra did not comply with this express condition, the gift to her failed, and as a result, she was divested of title to the property.
Be that as it may, the question becomes with whom did title to said real estate vest upon the failure of the gift to Sandra? It is well settled that if a gift of real estate fails, title to said real estate goes back into the estate and is distributed pursuant to the terms of the residuary clause. IndustrialNational Bank v. Glocester Manton Free Public Library ofGlocester, 265 A.2d 724 (R.I. 1970); Rhode Island HospitalTrust Co. v. Votolato, 231 A.2d 491 (R.I. 1967). In this case, Lucille Hart's will provides that all rest, residue and remainder of her estate is to be distributed equally among her three daughters Sandra, Judith and Donna. Hence, when the gift to Sandra in her own right failed, title to the property went back into the estate and immediately vested with Judith, Donna and the heirs and/or devisees of Sandra as residuary devisees under the will of Lucille Hart. As a result, this Court finds that it was improper for the Probate Court to declare a constructive trust against the plaintiff in her capacity as executrix of the estate of Lucille Hart for the benefit of the defendant because said estate does not own the property.
It should be additionally noted that although the holding of the Probate Court is not binding upon the real owners of the property, the arguments proffered on their behalf by Judith Langford in her capacity as executrix of the estate of Lucille Hart with respect to ownership of said property are less than persuasive. Simply put, the defendant has sufficiently proven to this Court that he is entitled to the property in question per terms of his original agreement with Mr. and Mrs. Hart, and but for the fact that the real owners of the property were not before the Probate Court in the first instance, this Court would have upheld the decision of the Probate Court granting a constructive trust in favor of the defendant. The Rhode Island Supreme Court has held that in order for a constructive trust to be declared, the plaintiff must show that the defendant obtained legal title to the property in violation of a fiduciary or confidential relationship. Simpson v. Dailey, 496 A.2d 122 (R.I. 1985). In the case at bar, the evidence presented at trial indicated that title to the property in question ended up in the hands of Judith, Donna, and the heirs or devisees of Sandra only because Mrs. Hart violated her fiduciary relationship with her son-in-law by breaking her original promise to convey the property to him upon her death, Further, it is irrelevant that said promise was not in writing because the Rhode Island Supreme Court has held that constructive trusts in land are not within the statute of frauds. Matarese v. Calise, 305 A.2d 112 (R.I. 1973). Finally, although it would be frivolous to remand the order in question to the Probate Court so that the proper parties could be joined,[2] the defendant is not precluded from bringing an equitable action in the Superior Court against said parties based on the theory of constructive trust. Indeed, such an action is not barred by the statute of limitations, and it is the opinion of this Court that the equitable defense of laches would not apply.[3] Additionally, as stated above the defendant has met all of the elements required for a constructive trust.
For the reasons hereinabove set out, the decision of the Probate Court of the Town of North Smithfield must be and hereby is reversed.
Counsel shall submit the appropriate Order for entry.
[1] At that time, the Harts were living in a government housing project and could not obtain a mortgage to build their own home unless they owned a parcel of land.
[2] Pursuant to R.I.G.L. 1956 (1985 Reenactment) § 8-9-9, the probate court does not have the authority to declare a constructive trust against the proper parties, namely, Judith, in her own right, Donna, and the heirs and devisees of Sandra other than the defendant.
[3] The Rhode Island Supreme Court has held that in order for a suit to be barred by laches, the defendant must not only show that the plaintiff unreasonably delayed bringing the suit, but that such delay has actually prejudiced the other party.Rodrigues v. Santos, 466 A.2d 306 (R.I. 1983). In the case at bar, if anything, Judith and Donna benefited from any delay in that they have maintained title to a valuable piece of real estate for three years.