In Matter of Estate of Lonz: Lonz, Appellant, *v.*
Glann, Exrx., Appellee.

(Decided December 16, 1940.)

*Mr. Ed P. Buckenmyer,* for appellant.
*Mrs. Eva E. Shaw,* for appellee.

Lloyd, J.  On January 25, 1915, the Court of Appeals on appeal thereto from a judgment of the Court of Common Pleas in the case of *Minnie Lonz* v. *John Lonz* (unreported), finding that the defendant John Lonz "has been guilty of adultery and has been living in a state of adultery," awarded alimony to the plaintiff in the sum of $850 payable in installments, and pursuant to Section 10502-5, General Code, which bars the right of dower of the guilty party, quieted as against the defendant Lonz the title of the decedent to lot No. 31 and the adjoining 17½ feet of lot No. 32 in Cushing's Laurel Place Addition.  The premises so described are located at 2449 Lawrence avenue in Toledo and was the mansion house where Mr. and Mrs. Lonz lived prior to their separation and where Mrs. Lonz continued to live until her death.

Lonz continued to live separate and apart from his

wife from some time prior to the judgment of the Court of Appeals, and they were so living separate and apart at the time of her death, which occurred on January 27, 1940. On July 8, 1940, letters testamentary were issued to Ella Glann, who was named in the will of the decedent as executrix thereof.

On July 20, 1940, Lonz filed a motion in the administration proceedings of his wife's estate wherein he recites that he is the "widower spouse of Minnie Lonz, deceased" and that prior to her decease she "resided in and had control of the residence property at 2449 Lawrence avenue, Toledo, Ohio, as her domicile and mansion house" and that he "is entitled to the immediate and exclusive possession of said property as the mansion house of the decedent herein * * * for the period of one year" and he prays the court to so order and to award to him possession thereof. From the order of the Probate Court overruling the motion, the movant Lonz appeals to this court on questions of law assigning as prejudicial error the overruling of the motion.

Do the hereinabove stated facts entitle the widower, John Lonz, to the order and judgment denied him by the Probate Court?

Section 10509-79, General Code, provides that:

"The surviving spouse, if any, may remain in the mansion house of the deceased consort, free of charge, for one year, except that such real estate may be sold within that time for payment of debts of the decedent, in which event such surviving spouse shall be compensated from the estate to the extent of the fair rental value for the unexpired term, such compensation to have the same priority in payment of debts of estates as the year's allowance made to the widow and children."

Lonz never having occupied the property after his separation from his wife, it is plain that Section 10509-79, General Code, does not authorize his occu-

pancy thereof as a mansion house for one year after the decease of his wife. The statutory words are "may remain." Within the purview of the statute, one can not remain on premises where he has not theretofore been or which he has voluntarily or by compulsion of law abandoned.

The judgment of the Probate Court is manifestly correct and is affirmed.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.