IN RE ESTATE OF BURGOON: BURGOON, APPELLANT, *v.* BURGOON ET AL., APPELLEES.

(No. 335—Decided January 18, 1946.)

*Mr. Otto W. Hess* and *Mr. George A Meekison,* for appellant.

*Mr. Lawrence C. Warden* and *Mr. James Donovan, Jr.,* for appellees.

GUERNSEY, J. While the notice of appeal in this case prescribes an appeal on questions of law and fact, it is conceded by the parties and determined by the court that the case is not a chancery case and that the appeal stands as an appeal on questions of law only, and it is submitted to and heard by the court as an appeal on questions of law.

The appeal is from an order of the probate division of the Common Pleas Court of Henry county, dismissing the petition of the plaintiff, appellant herein,

Martin L. Burgoon, surviving spouse of Mary Burgoon, to take at the appraised value of $4,500, pursuant to the provisions of Section 10509-89, General Code, lot No. 19 in Alpheus Buchanan's First Addition to the village of Liberty Center, Henry county, Ohio, alleged by him to constitute the mansion house of the decedent, as defined in such section.

To this petition such of the defendants as are the heirs at law of Mary Burgoon, filed their answer in which they admitted the death of Mary Burgoon, as alleged in the petition; that the inventory of the real and personal property of the decedent was made and confirmed by the court; that the land described in the petition was owned in fee simple by the decedent; and that the same was appraised at $4,500, and denied the other allegations set forth and contained in the petition.

For a second defense to the petition, the defendants alleged that lot No. 19 in Alpheus Buchanan's First Addition to Liberty Center is improved with two classes of buildings, one class being a dwelling house which was used by the decedent and the plaintiff as their mansion house, and the remainder of the lot is improved with business blocks and is in no sense a mansion house but, on the contrary, is used and occupied as a pool room and another portion thereof as a restaurant and beer parlor, all of which has been rented to strangers and not used or occupied by the plaintiff as the mansion house, and by reason thereof plaintiff is not entitled to elect to take the entire property; and that the value of the mansion house and the ground that it is standing upon is greatly in excess of one-third of the appraised value of the entire estate of Mary Burgoon, deceased.

For a third defense the defendants alleged that on the 22nd day of November, 1944, Harold M. Burgoon commenced his action in the Common Pleas Court of

Henry county, for the partition of the real estate, making the plaintiff and other defendants defendants in the partition case; that the partition cause is now pending, is wholly uncancelled, and is an active cause pending in that court; that the partition action was so commenced more than five years after the death of Mary Burgoon and before any administration of her estate; and that, by reason thereof, the petition herein ought to be dismissed.

Upon the trial of this cause in the probate division of the Common Pleas Court it was found by the court that Martin L. Burgoon is the surviving spouse of the decedent, Mary Burgoon, that the premises described in the petition were occupied by the petitioner and Mary Burgoon as a homestead at the time of the death of Mary Burgoon, but that the premises were at the time and still are improved with commercial buildings situated thereon, and were appraised by the appraisers of the estate as a unit, and that, by reason thereof, Martin L. Burgoon is not entitled to elect to take the premises described in the petition, at the appraised value thereof as the surviving spouse, and the court rendered judgment dismissing the petition.

That is the judgment from which this appeal is taken.

The undisputed facts in evidence on the trial of the cause in the probate division of the Common Pleas Court, as disclosed by the bill of exceptions, are as follows:

Mary Burgoon, wife of plaintiff, died intestate on January 31, 1939, a resident of Henry county, Ohio, and the owner in fee simple of the real estate described in the petition.

No administration was had upon her estate until about 1945, following the filing of the petition for partition of the land by Harold M. Burgoon, one of the chil-

dren of Martin L. Burgoon, and Mary Burgoon, his wife. Martin L. Burgoon, the surviving spouse, then applied to the probate division of the Common Pleas Court for appointment and was appointed administrator of her estate and caused an inventory and appraisement to issue and had the same executed and returned. In the inventory and appraisement the real estate described in the petition was inventoried as one parcel and appraised at $4,500. The inventory and appraisement was thereafter confirmed by the probate division of the Common Pleas Court. Upon confirmation of that appraisement the plaintiff, as surviving spouse, elected to take the real estate at the appraised value.

Lot No. 19 is a large corner lot on the main business street of Liberty Center. This lot is improved with three buildings, one concrete block business building is constructed on the corner of the intersection of the two streets and is rented as a pool room; north and adjoining that building is another building of concrete blocks rented as a restaurant; and continuing north and on the same lot No. 19 is a vacant plot of about 40 feet in width; and continuing north is a frame dwelling house which plaintiff and his deceased wife occupied as a home at the time of her death. The concrete buildings were not at any time used in conjunction with the dwelling house as a home by the decedent or for domestic purposes in the conduct of family affairs.

The petitioner, Martin L. Burgoon, the surviving spouse of the decedent, continued, after the death of his wife, to occupy the dwelling house as a homestead, and to collect the rents for the two cement buildings located on the lot above mentioned.

The plaintiff contends that, as surviving spouse of decedent, he has the right to elect to take at the appraised value, all of lot No. 19 notwithstanding the cement buildings located on the corner of the lot are not used in conjunction with the mansion house

located thereon, as the home of the decedent, and that, for this reason, the judgment of the probate division is contrary to law.

Whatever right the plaintiff may have to take lot No. 19 at its appraised value arises from and is governed by the provisions of Section 10509-89, General Code, so, in order to determine whether that contention has any merit, it is necessary to consider and interpret the provisions of that section, the pertinent part of which reads as follows:

"At any time within one month after the approval of the inventory, the surviving spouse, if any, whether acting as executor or administrator, or not, shall have the right to purchase the following property, if left by the decedent and if not specifically devised or bequeathed:

"(a) The mansion house, including the parcel of land on which the same is situated and lots of farm land adjacent thereto and used in conjunction therewith as the home of the decedent, and the household goods contained therein, at the appraised value as fixed by the appraisers."

"The term 'mansion-house,' in its common sense, not only includes the dwelling house, but also all the buildings within the curtilage, as the dairy-house, the cow-house, the stable, etc.; though not under the same roof nor contiguous." 2 Bouvier's Law Dictionary, Rawle's Third Revision, 2084.

"Curtilage, in law, means a small piece of land, not necessarily inclosed, around a dwelling house, and generally includes the buildings used for domestic purposes in the conduct of family affairs. The term has no application to any building not used as a dwelling." *Graves* v. *State* (Okla.), 283 P., 795; *Turknett* v. *State,* 36 Okla. Cr., 401, 254 P., 985.

It will be noted that the phrase "and used in conjunction therewith as the home of the decedent," as

it is used in subdivision (a) of Section 10509-89, General Code, above mentioned, modifies and operates as a limitation on the phrase "including the parcel of land on which the same is situated" and the phrase "and lots of farm land adjacent thereto." Consequently it clearly appears that the parcel of land on which the mansion house is situated must be used in conjunction with the mansion house as the home of the decedent in order to come within the purview of the subdivision, and the subdivision as a whole constitutes an adoption by the Legislature of the common-law definition of mansion house as including the curtilage only.

As it appears from the undisputed evidence in this case that that part of lot No. 19 upon which the cement block buildings are situated was not used in conjunction with the mansion house as the home of the decedent, the plaintiff is not entitled to purchase at the appraised value, the entire lot, but his right to purchase at the appraised value is limited to that part of the lot not occupied by the cement block buildings.

Whether the plaintiff, by reason of his failure to except to the inventory and appraisement of the estate of the decedent, or for any other reason is precluded from having the lot reinventoried and reappraised in two parcels, one consisting of that part thereof upon which the cement block buildings are located and the other consisting of the balance of the lot, so that he may elect to purchase the balance of the lot pursuant to the provisions of the section mentioned, is not raised by the record and is not decided.

For the reasons mentioned, the judgment of the probate division of the Common Pleas Court will be affirmed at costs of plaintiff.

*Judgment affirmed.*

MIDDLETON, P. J., and JACKSON, J., concur.