In re Estate of Clark: Clark, Appellee, *v.* Clark et al., Appellants.*

(No. 451—Decided June 15, 1956.)

*Mr. John S. Phillips,* for appellee.
*Mr. Thomas A. Boulger* and *Mr. William C. Boulger,* for appellants.

*Per Curiam.* This appeal on questions of law is directed to the judgment of the Probate Court in determining that Pauline D. Clark, surviving spouse, has the right under the provisions of paragraph (A) of Section 2113.38, Revised Code, to purchase an entire farm of about 100 acres at the appraised value as fixed by the appraisers.

The error complained of is that the trial court placed the wrong construction on paragraph (A) of Section 2113.38, Revised Code, the pertinent part of which reads as follows:

"A surviving spouse even though acting as executor or administrator, may purchase the following property, if left by the decedent and if not specifically devised or bequeathed:

"(A) The mansion house, including the parcel of land on which such house is situated and lots or farm land adjacent thereto and used in conjunction therewith as the home of the

*Motion to certify the record overruled, December 5, 1956.

decedent, and the household goods contained therein, at the appraised value as fixed by the appraisers.''

The controlling facts in this case are that the farm in question has been operated as a unit for about 50 years. The description of the land is in three tracts of 7.25, 28.29 and 65.75 acres, respectively, making a total of 101.29 acres. A road separates the first and second tracts, and another road separates the second and third tracts. The seven-room frame house in which the decedent and his wife lived, together with the milk house, smokehouse, brooder house, washhouse and garden, is situated on the first tract, within an area of from one-half to one acre. An old three room house and two old barns are located on the second tract, and, at the time of the decedent's death, were used for various kinds of storage. There appear to be no buildings on the third tract.

The plaintiff married the decedent in 1920 and lived on the farm in question with the decedent, who inherited the entire property in 1924. The entire farm was appraised for $12,500, and no exception was taken to the inventory and appraisement. The gross appraised value of the entire estate is such that the surviving spouse could not purchase under paragraph (C) of the statute in question.

The defendants, appellants herein, are children of the decedent by a former marriage. The farm was operated as a ''one man'' farm, the production being corn, wheat, oats, clover and pasture. At times the wheat, straw and clover or clover seed were sold, and the greater part of the corn produced was fed to hogs. For some time prior to the decedent's death his son operated the farm for him on shares.

It is interesting to trace, through the various acts of the Legislature, the increase and expansion of the rights of a surviving spouse. The appellants call attention to one of the footnotes to Section 10509-89, Page's Ohio General Code, in setting forth a reason for the Legislature's amendment in 1935, as follows:

''The comment by the Probate Code Committee of the Ohio State Bar Association with reference to the amendment to this section is as follows:

" ' * * *

" 'We also suggest that the words, "the home and its contents" which have received almost as many different constructions as there are Probate Courts, be changed to, "the mansion house, including the parcel of land on which the same is situated and lots or farm land adjacent thereto and used in conjunction therewith as the home of the decedent, and the household goods contained therein," in the hope that this language will avoid much of the present difficulty.' "

This court finds no difficulty in the fact that the land is described as being in three tracts and that the division therein is by two roads. There is no question that it is one and the same farm, and that the three tracts together have constituted the whole for many years, that all the land is adjacent to the mansion house in both the sense that it is near and, also, in the sense that it is adjoining. The second question presented is whether the farm land was used in conjunction with the mansion house as the home of the decedent. It must be borne in mind that the statute in question provides for two parcels of land: first, that parcel of land on which the mansion house is situated; and, second, lots or farm land adjacent to the first parcel and used in conjunction therewith as the home of the decedent.

A common expression which has come into being in relation to the small farm is a "one man farm," which we have already used; and another common expression is "home farm." The operation in which the owner is engaged is of itself unique in that it does not take on the characteristics of other commercial undertakings.

The decedent always treated the home, that is the mansion house, together with all the farm land as his home. The appellants, who are his children by a former marriage, were brought up on this farm and in this mansion house. It is common knowledge that both the buildings and the land afforded a means of livelihood and existence for the decedent and his family. In this respect this case is clearly distinguishable from the case of *In re Estate of Burgoon*, 80 Ohio App., 465, 76 N. E. (2d), 310. In the *Burgoon case* the dwelling or mansion house was situated on part of a lot that could easily be divided from,

and was not connected with, the two other buildings on the lot, one of which was used as a poolroom and the other as a restaurant; and the decedent had collected rents from the two buildings used strictly for commercial purposes. A proper disposition of the case required that the mansion house be treated separately from the two other buildings, and that the right of purchase by the surviving spouse be limited thereto under the provisions of a section of the Code analogous to the one now under consideration by this court. We wish to emphasize that the Legislature, while adopting the term "mansion house" in the section controlling in this case, did not abandon the term "home," and used it specifically in characterizing the farm land adjacent to the mansion house and used in conjunction therewith in the following language, "as the home of the decedent."

Having traced the expanding rights of the surviving spouse under the enactments of the Legislature, this court can not accept the construction of the present enactment of the law as limiting the surviving spouse to the right to buy at the appraised value only that which the surviving spouse could have had at common law, that is, the mansion house and curtilage. The very wording of the statute extends the right beyond that. Otherwise, there would be no reason to include the second part of the provision for an addition to the land on which the mansion house was situated, using the much broader term "home" in connection with lots and farm land.

In the instant case the occupancy of the mansion house by the decedent could not have afforded him a farm home that would have met his needs. All the land was used in conjunction with, or in connection with, the mansion house in establishing and maintaining a home for the decedent and his family and comes within the purview of Section 2113.38, Revised Code.

The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

McCurdy, P. J., Collier and Gillen, JJ., concur.