IN THE MATTER OF THE ESTATE OF JOHNSON.

(No. 5-83-31—Decided June 21, 1984.)

*Mr. William B. Balyeat,* for appellants.

*Mr. Edward R. Wead,* for appellee.

COLE, J. This is an appeal, filed by the co-executors of the Estate of Howard W. Johnson, from a judgment of the Probate Division, Court of Common Pleas of Hancock County.

The transcript of proceedings in this case was stricken from the files by this court. Therefore, our consideration of facts is limited to those disclosed by the remainder of the record, and specifically to the facts used by the trial court in rendering the decision appealed from.

This cause was initiated by a motion, filed by the surviving spouse of Howard W. Johnson, seeking, *inter alia,* an order from the court below requiring the co-executors of Johnson's estate to either allow her to have possession of the marital residence and property pursuant to R.C. 2117.24, or to assess a reasonable and fair rental value of such and to immediately pay to her said amount.

The court below in its decision, rendered on May 25, 1983, stated that the fact that the surviving spouse was under a restraining order at the time of Johnson's death, prohibiting her from being at the marital residence, and that she had not lived in the residence for a period of approximately eight months prior to Johnson's death, did not bar her rights under the statute.

The lower court also ordered that the surviving spouse be paid the sum of three thousand dollars as and for the fair value of the mansion house for a period of one year.

In the instant appeal, one assignment of error is asserted by the co-executors of the Johnson estate, to wit:

"The Lower Court erred in granting plaintiff's Motion which requested that the plaintiff be allowed to remain in the mansion house or be paid an allowance in lieu thereof."

Appellants contend that the only logical conclusion that follows from the fact that the surviving spouse was not living in the mansion house at the time of Johnson's death is that the surviving spouse did not possess the rights under R.C. 2117.24, because, in order to comply with the statute, she would first have to be living in the mansion house at dece-dent's death before she can be allowed to remain there.

Appellants rely entirely on the case of *In re Estate of Lonz* (1940), 66 Ohio App. 467 [20 O.O. 430], wherein the syllabus reads:

"Section 10509-79, General Code, granting to the surviving spouse of a deceased consort the right to remain in the mansion house for one year free of charge does not entitle a husband living separate and apart from his wife for twenty-five years to the occupancy of the mansion house for one year after the wife's death, where the husband never occupied the property after his separation from his wife and she continued to remain therein until her death." (G.C. 10509-79 is the predecessor to R.C. 2117.24.)

In making its decision, the court in *Lonz, supra,* at 469, stated that:

"* * * The statutory words are 'may remain.' Within the purview of the statute, one can not remain on premises where he has not theretofore been or which he has voluntarily or by compulsion of law abandoned."

R.C. 2117.24 provides:

"A surviving spouse may remain in the mansion house of the deceased consort free of charge for one year, except that such real estate may be sold within that time for payment of debts of the decedent, in which event such surviving spouse shall be compensated from the estate to the extent of the fair rental value for the unexpired term, such compensation to have the same priority in payment of debts of estates as the allowance made to the surviving spouse or children."

Appellants do not contend, in this case, that the marital residence here involved is not, in the words of the statute, "the mansion house of the deceased consort."

Notwithstanding the often quoted definition of "mansion house" contained in *Scobey* v. *Fair* (1942), 70 Ohio App.

51, 53 [24 O.O. 371], which is "that which is used, possessed and occupied by the family as a home is the mansion house," (see, also, 55 Corpus Juris Secundum [1948] 665, Mansion House), this court finds that the residence here was "the mansion house." In R.C. 2105.062(F) "mansion house" is defined, as used in that section, dealing with a surviving spouse's election, to include:

"* * * the parcel of land on which the house is situated and, at the option of the surviving spouse, the household goods contained within the house and the lots or farm land adjacent to the house and used in conjunction with it *as the home of the decedent.*" (Emphasis added.)

R.C. 2117.24 concerns the mansion house "of the deceased consort," or Howard Johnson in the case *sub judice.* Since this language can be interpreted to mean that one of the family members can, alone, possess the house and since R.C. 2105.062(F) also refers to the "home of the decedent," we believe it fair to consider the residence in the instant case to be the "mansion house." There is no evidence that the instant residence was not the "family" home when the family was together.

Next, we note that it is clear that appellee in this case was, at the time of Johnson's death, his surviving spouse. There had been no divorce of the parties.

Therefore, the only remaining issue concerns the use of the word "remain" in R.C. 2117.24. As stated above, appellants agree with the statements of the court in *Lonz, supra,* and contend that court's conclusion is the only logical one.

We do not agree.

The *Lonz* court interpreted the statutory words "may remain" very narrowly, *i.e.,* defining the word "remain" to mean only a continuation of a prior state.

There are many instances when one can remain someplace, in the common sense of that word, when they were not theretofore at that place. Indeed, Webster's Third New International Dictionary (1971) 1919, includes, under the word "remain," the following definition: "to stay in the same place or with the same person or group."

A person can plan on taking a trip to Florida, for example, in the near future and "remain" there for two weeks. Similarly, a person can check into a hospital to stay or "remain" there for ten days. That these examples involve definite time frames of "remaining" is also pertinent in the instant case.

R.C. 2117.24 states that the "surviving spouse may remain in the mansion house * * * for one year." Thus, there is a specific period of time, beginning at the time of his or her spouse's death, during which he or she can stay in the mansion house, etc. The statute is written in terms of "after the death of the deceased consort," and for one year thereafter. It says nothing about where the survivor resided or stayed before the death.

It is our conclusion that "remain" as used in this statute is used solely to define a duration of time *in futuro,* and does not limit application to one who was a resident at the time of the decedent's death. One can remain where one has never before been. The word simply defines the duration of stay, not the residence of the occupant.

It was stated in *Scobey, supra,* at 53, that:

"* * * The purpose of the statute was to preserve the home for the surviving spouse for the period of one year; * * *." (See, also, *Dorfmeier* v. *Dorfmeier* [Ohio P.C. 1954], 123 N.E. 2d 681.)

We agree that the legislature intended to protect the surviving spouse when it enacted R.C. 2117.24. As stated before, appellee was the surviving

spouse of Howard Johnson, and has the right to remain or stay at the home of the decedent for one year.

This being our interpretation of the language of R.C. 2117.24, we hold that the assignment of error is not well-taken and the trial court's judgment is affirmed.

*Judgment affirmed.*

MILLER, P.J., and GUERNSEY, J., concur.